CASE 23—ACTION BY JUDY BELCHER AGAINST C. B. HELTON FOR TRESPASS TO LAND—NOVEMBER 18.

# Helton v. Belcher.

### APPEAL FROM LESLIE CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

TRESPASS ON REALTY—EVIDENCE—TITLE BOND—PROOF OF EXECUTION —COMMISSIONER'S DEED—ENDORSEMENT THEREON BY COURT.

Held:   1. A title bond for land patented and afterwards carried into grant, which had been assigned by the patentee to S. and by S. to T. and by T. to the appellee more than twenty years ago, and under which appellant had entered looking for title to appellee, who held under it, was properly received in evidence without proof of its execution.

2. Under Kentucky Statutes, section 519, providing that "certified copies of all instruments legally recorded shall be *prima facie* evidence in all courts in this State," a certified copy of a commissioner's deed, which shows that said deed was examined and approved by the court and so endorsed, is ad-

missible in evidence without proof of the judgment authorizing it.

TINSLEY & FAULKNER, ATTORNEYS FOR APPELLANT.

This was an action of trespass in nature of an ejectment and appellee must rely on her own title which must be made out by competent testimony.

The evidence of title relied on by appellee in the court be-low was a commissioner's deed not supported by any judgment, and an unproved title bond, the introduction of which were ex-cepted to, also a patent to John Hutchens.

Having shown by the patent, title to the land in John Hutchins, it devolved on appellee to connect herself with that title, which she failed to do. A commissioner's deed is not evidence of title unless supported by a judgment and proceed-ings authorizing it. Maguire v. Kowns, 7 Mon., 386.

A paper purporting to be a title bond is no evidence against any one unless its execution is proved in some regular way. Civil Code, sec. 604; Roberts v. Tennal, 3 Mon., 250.

Appellant was entitled to a peremptory instruction at the close of the evidence and the motion therefor should have been sustained.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

On December 5, 1871, John Hutchens obtained from the Commonwealth a patent for 100 acres of land in Clay county, and on February 1, 1877, he sold the land by title bond to Benjamin Saylor, who assigned the bond to W. J. Taylor, and by him it was assigned to appellee, Judy Belcher. After this, Stokley Belcher, her husband, sold about fifty acres of the land to appellant, Carlo Helton, for $20, which was paid in a cow; but his wife declined to stand to the trade, and refused to make Helton a deed; and he then ten-dered back to Helton the amount paid, but Helton refused to receive it. After this, Helton cut some timber off the land, and Judy Belcher instituted this suit against him to recover in damages for the cutting of the timber. He de-nied her title, and on final hearing there was a verdict and judgment in her favor for $9, from which he appeals.

The ground of reversal relied on is that the court allow-

ed her to read in evidence the title bond above referred to, without proof of its execution; also a commissioner's deed made to her pursuant to the bond, without the judgment under which it was made. As the title bond was more than twenty years old, came from the proper custody, and had been carried into grant, and appellant had entered, looking for title to appellee, who held under it, it was properly received in evidence without proof of its execution. The common-law rule was that a commissioner's deed should not be admitted in evidence unless supported by the judgment authorizing it; yet it was not necessary to produce the previous proceedings, but only the decree itself, and the conveyance made in conformity to it. Grebbin v. Davis, 9 Ky., 16. But by our Code of Practice it is provided that a commissioner's deed shall "refer to the judgment, orders and proceedings authorizing the conveyance, so that the same may be readily found, and that it "shall pass to the grantee the title of all the parties to the action or proceeding." It must be examined and approved by the court, and its approval "shall be endorsed on the conveyance and recorded with it." Civil Code, secs. 395-398. It must be recorded where by law it would have been recorded if made by the parties in person. Civil Code, sec. 400. By section 519, Kentucky Statutes, it is further provided: "Certified copies of all instruments legally recorded shall be prima facie evidence in all courts and tribunals of this State." It will thus be seen that these statutes taken together, in substance provide that the deed, when examined and approved by the court, and so indorsed, may be legally recorded, and that a certified copy of this record shall be prima facie evidence in the courts of the State. When a deed is made by an agent, his power of attorney must be introduced, else his authority to make

the deed is not shown. And so, independently of the stat-ute, when a commissioner's deed is introduced, the judg-ment authorizing him to make it must be shown; for he is a mere ministerial officer, and there is no presumption in favor of his authority. But when, under the statute, the approval of the court is indorsed on the deed, this evi-dences the authority of the commissioner to make it. There is a presumption in favor of the regularity of judicial pro-ceedings, and the deed so indorsed is therefore prima facie regular. The production of the judgment would show noth-ing more than the indorsement of the court's approval on the deed shows. This indorsement entitles the deed to be recorded, and a copy of this record is prima facie evidence under the statute. We are therefore of opinion that the court did not err in allowing the title bond or the copy of the recorded deed to be read in evidence.

Judgment affirmed.