## Kentucky Lands Investment Co. v. Simmons, et al.

(Decided February 1, 1912.)

### Appeal from Hopkins Circuit Court.

1. Auditor's Deed—Prima Facie Evidence of Title.—An Auditor's deed for land made to the purchaser at a sale made by the Auditor's agent in cases where the land has been sold by the sheriff and bid in by the State, is prima facie evidence of title in the purchaser, and a petition which sets out such a deed is. sufficient, although it does not set out the steps leading up to the sale.

2. Same—What Necessary to Overcome Officers Return.—To overcome the officer's return that the taxes were unpaid, the proof must be clear and decisive. It is not overcome by proof which does not satisfactorily account for the tax receipt being missing.

3. What Owner of Property Must Show.—The owner of the property must show that any step necessary to a valid sale was not

taken. The rule as to what is necessary is the same now as heretofore.

4. When Sale Void.—When land is sold for taxes for two years and only one year's tax is advertised, the sale is void.

5. Pleading.—A specific allegation in an answer as to how the sale was advertised, not being specifically controverted by the reply, must be taken as true.

6. Same—Lien.—When a sale is set aside, the purchaser should be adjudged a lien on the land for the taxes he paid with interest and cost and a blank as to the amount in the petition is not fatal where the subsequent proceedings show the amount.

M. J. HOLT, GORDON, GORDON & COX for appellant.

E. D. MORROW, C. J. WADDILL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

The Kentucky Lands Investment Company brought this suit against Adaline Simmons charging that on Monday, December 2, 1895, the sheriff of Hopkins county sold a certain tract of 250 acres of land for State and county taxes for the year 1895, and on Monday, January 4, 1897, sold the same land for State and county taxes for the year 1896, and that no one else bidding the land was bought by the Commonwealth of Kentucky; that the sheriff made a report in writing to the county clerk of the sale and the report was recorded; that the land not being redeemed in two years became the property of the State of Kentucky; that thereafter the Commonwealth by its Auditor directed George H. Alexander, as revenue agent for the State at large, to sell the land at public sale or so much as might be necessary to pay the amount due the State; that this sale was made on April 4, 1904, at the court house door in Madisonville, and that the plaintiff then bought the property for the taxes and the Auditor executed to it a deed therefor, the deed being copied into the petition. It is also alleged that it had a lien on the property for the taxes and cost paid by it. It prayed judgment for the land and all other proper relief. The defendant answered denying the allegations of the petition and pleading affirmatively that certain steps required in the proceeding to sell the land were not properly taken. She also alleged that the taxes had been paid before

the sheriff's sale. Proof was taken and on final hearing the circuit court dismissed the petition.

Section 3760, Kentucky Statutes, provides:

"Unless in a direct proceeding against himself or his sureties, no fact officially stated by an officer in respect of a matter about which he is by law required to make a statement, in writing, either in the form of a certificate, return or otherwise, shall be called in question, except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer."

Section 4030, Kentucky Statutes, also provides:

"In all suits and controversies involving the titles of lands claimed or held under the deed executed by the sheriff in pursuance of the sale for taxes, the deed shall be *prima facie* evidence of the regularity of the sale and of all prior proceedings and titles in the person to whom the deed has been executed."

We have held in several cases that these statutory provisions changed the rule in force before their adoption to the effect that a purchaser at a tax sale who seeks to recover the property must allege and prove that all the statutory steps necessary to a valid sale were taken. We have held that the deed is prima facie evidence of the regularity of the sale and is also prima facie evidence of title in the person to whom the deed has been executed, and that this rule applies to deed made by the Auditor as well as to those made by the sheriff. (Alexander v. Aud. 121 Ky. 105, Husbands v. Polivick, 128 Ky., 652, Waldharber v. Lunkenheimer, 128 Ky. 344). As the deed from the Auditor made out for the plaintiff a prima facie case the petition was sufficient on demurrer.

It is earnestly insisted that the proof showed that the owner of the property had paid the taxes before the land was sold, and the circuit court on this ground appears to have dismissed the petition. Appellees proved by the tax payer that he paid the tax and by another witness facts corroborating his testimony; but the tax receipts for other years were produced and the explanation as to this year's tax receipt being missing is unsatisfactory. If after many years a sheriff's sale could be set aside on such proof as to the payment of taxes little confidence could be placed in such sales. The statute which provides that no fact officially stated by an officer in respect of a matter about which he is by law required to make a statement in writing shall be

called in question except upon an allegation of fraud in the party benefited thereby or mistake on the part of the officer, must be given effect according to the evident intention of the Legislature. Time obscures all things. A sheriff cannot be expected to remember each payment of taxes to him, and to overcome his return, the proof must be clear and decisive. We do not find the proof in this case of that character; for conceding the entire sincerity of the witnesses we think it is easy for them to be mistaken after so many years as to the year when the transaction referred to occurred.

But while the deed makes out for the plaintiff a prima facie case, the proof introduced by the defendant may overcome the prima facie case. It is presumed that the steps leading up to the sale were regularly taken, but if they were not in fact regularly taken, the owner of the land may show this and the sale is invalid. The statute simply shifts the burden of proof. (Mosley v. Hamilton, 136 Ky., 680). The burden now is on the defendant to show that there was some fatal irregularity in the sale. The rule as to what is a fatal irregularity is the same now as under the previous statutes. (Hamilton v. Steele, 117 S. W. 378). Among other things which are essential to a valid sale is an advertisement according to the statute. The statute here was not complied with. It required an advertisement in the newspaper for four weeks. Only three weeks advertisement was made. The land was sold for the taxes of 1895 and 1896. In the advertisement the taxes for 1895 were published twice and there was no advertisement for the taxes of 1896. The sale was therefore invalid and did not pass the title to the purchaser.

In the brief for appellee it is said, "Appellee, as a part of her defense, proved the original advertisement of said sale and the recorded report of sale made by the sheriff. This conclusively shows that the sheriff did not properly perform a single duty required of him by law either in the advertisement or the report of sale." We do not find any of this proof in the transcript; the only proof in the record for appellee is two depositions taken to show that the taxes were paid. But in the answer it is specifically alleged how the land was advertised for sale and the allegation of the answer is not specifically denied by the reply. We therefore conclude that the allegation of the answer must be taken as true, and so hold that the sale was not properly advertised.

Section 4036, Kentucky Statutes, is as follows:

"Whenever any person shall purchase property sold for delinquent taxes, and the sale shall be set aside because of any irregularity, the purchaser shall have a lien on the property for the amount of taxes and cost paid by him, and for which the property is liable, with legal interest from the time of such payment, which may be recovered from the owner of the property or person owning the same."

The sale being invalid and being set aside for irregularity, the purchaser has a lien on the property for the amount of the taxes and cost paid by him and for which the property is liable with legal interest from the time of such payment. It is insisted that the plaintiff is not entitled to this relief because the petition uses the words "$——" and the exact amount paid is not stated, but this defect in the petition is supplied by the defendant's answer and the proof. The court should therefore have entered a judgment in favor of the plaintiff as above indicated for the amount of the taxes and cost paid by it with legal interest from the time of such payment. The plaintiff is not entitled to a lien on the property for any taxes paid by it thereon since the Auditor's deed was made to it, as the owners were giving in the land in their own names and paying the taxes themselves.

Judgment reversed and cause remanded for a judgment as above indicated.