## Kentucky Coal Lands Company v. Smith, et al.

(Decided October 11, 1912.)

### Appeal from Perry Circuit Court

1. Judicial Sales—Commissioner's Deed—Approval by Court—Failure to Endorse Approval—Section 398, Civil Code—Evidence.— That part of section 398 of the Civil Code providing that a conveyance by a commissioner shall not pass any right until it has been examined and approved by the court is mandatory, but that part providing that the approval shall be endorsed on the conveyance and recorded with it is only directory; hence, the failure of the judge to endorse his approval on the deed does not render it invalid, or deprive it of its recordable character, where there is a judgment in the action reciting that the deed has been examined and approved by the court. In such a case the deed, together with the order showing that the deed has been examined and approved by the court, is sufficient to make out a prima facie case of the regularity of the deed, and to authorize its introduction as evidence of title.

2. Judicial Sales—Commissioner's Deed—Failure to Recite Names of Parties—Section 399, Civil Code.—A failure to recite in a commissioner's deed the names of the parties whose title is conveyed, does not render the deed invalid.

3. Trespass to Try Title—Judgment in Favor of Persons Not Parties—Joint Owners—Title to Only Four-fifths—Judgments for Full Amount.—Where plaintiffs show that they are joint owners only of an undivided four-fifths of a tract of land, it is error to adjudge them entitled to the full amount of damages assessed by

the jury in an action of trespass to try title, and to adjudge that they and, others who are not parties to the action are joint owners of the land in controversy.

JOSEPH C. JONES, WOOTTON & MORGAN for appellant.

MILLER & WHEELER for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

N. W. Smith and wife, Elizabeth Smith, Polly Ann Boggs, Joseph Combs, and other, brought this action of trespass against the Kentucky Coal Lands Company and G. B. Branson, to try title to a tract of land described in the petition, and located in Perry County, Kentucky. The petition charged that the defendants had cut and removed from the land timber of the value of $1,500, and that plaintiffs were the owners of the timber and the land from which it was cut. G. B. Branson filed answer and cross petition against his co-defendant, Kentucky Coal Lands Company, and thereafter the action as to him was dismissed. The Kentucky Coal Lands Company filed an answer and counterclaim, denying the allegations of the petition, and pleading title in itself, both by record and adverse possession. The jury returned a verdict in favor of plaintiffs for $500. Thereupon the court entered judgment accordingly, and further adjudged that plaintiffs and others were the owners of the land in question. From that judgment, the Kentucky Coal Lands Company appeals.

Plaintiffs claim title under Patent No. 5652, issued to R. S. Brashear, for 250 acres of land, on May 15, 1845, on a survey dated April 12, 1838. R. S. Brashear died about the year, 1866, owning the land in question and other land. At the time of his death, he was largely indebted. A suit was instituted in the Perry Circuit Court under the title of R. S. Brashear's Administrator v. R. S. Brashear's heirs and Creditors to sell the lands of R. S. Brashear for the purpose of paying his debts. The land in question was sold to Alexander Combs. Subsequently Alexander Combs died, and certain of his children and grandchildren conveyed their interests to plaintiffs.

Appellant claims title by virtue of three patents: Patent No. 31014 for 200 acres, issued to Isaac Brashear on October 5, 1859; Patent No. 31027 for 200 acres, issued

to Isaac Brashear October 6, 1859; Patent No. 31024 for 200 acres, issued to Isaac Brashear October 6, 1859.

There is a conflict between the patent under which plaintiffs claim and all three of the patents under which the Kentucky Coal Lands Company claims.

As the patent under which plaintiffs claim is older than the three patents under which defendant claims, it follows that if plaintiffs made out a good record title they were entitled to recover, unless the defendant, or those through whom it claimed, had been in adverse possesion of the conflict for a period of fifteen years. The instructions given by the court are not subject to criticism, provided plaintiffs' title of record was established by competent evidence.

When the deed from D. Y. Lyttle, Commissioner and Receiver in the case of R. S. Brashear's Admr. v. R. S. Brashear's Heirs, etc., to Alexander Combs, was introduced defendant objected to its introduction upon the ground that it did not show upon its face the approval and endorsement of the court and was not, therefore, a recordable instrument.

Section 398 of the Civil Code which is the same as Section 428 of the Code of 1854, provides as follows:

"A conveyance by a commissioner shall not pass any right until it has been examined and approved by the court, which approval shall be endorsed on the conveyance and recorded with it."

The copy of the deed in question does not show the endorsement of the court's approval. It appears from the evidence of the clerk of the Perry Circuit Court that the original papers in the case of R. S. Brashear's Admr. v. R. S. Brashear's Heirs, etc., were lost, and could not be found. At the May term, 1871, on page 516 of Order Book "F," we find the following order:

"R. S. Brashear's Administrator, Plaintiffs,

Against

"R. S. Brashear's Heirs and Creditors, Defendants.

"The Commissioner, D. Y. Lyttle, filed his report which is as follows: Lyttle, Commissioner and Receiver, appearing, produced in court a deed of conveyance to Granville Combs, conveying to him the lands heretofore

purchased by him, which deed was acknowledged in open court and being examined and approved by the court it is ordered together with the examination and approval thereon, to be certified to the clerk of the Perry County Court for record. Said commissioner also produced and acknowledged a deed conveying to Alexander Combs the land heretofore purchased by him, under a judgment herein, which is also examined and approved by the court, and is, together with the examination and approval, endorsed thereon, ordered to be certified by the clerk of this court to the clerk of the Perry County Court for record.''

This order clearly shows that the commissioner produced and acknowledged the deed conveying to Alexander Combs the land theretofore purchased by him under a judgment of the court, and that this deed was examined and approved by the court, and, together with the examination and approval, endorsed thereon was ordered to be certified by the clerk of the court to the clerk of the Perry County Court for record. The same facts appear in the certificate of the circuit clerk, attached to the deed.

There can be no doubt that the first part of section 398 of the Civil Code, supra, is mandatory, and that no title passes by virtue of a commissioner's deed until it has been examined and approved by the court. But we conclude that the latter part of the section, ''which approval shall be endorsed upon the conveyance and recorded with it,'' is merely directory. The purpose of the latter provision is to make the deed complete in itself, so as to dispense with the proof of the authority of the commissioner to make the deed, when the approval of the court is endorsed thereon. In other words, a deed so endorsed is prima facie regular, and a copy of the deed so recorded is prima facie evidence, under the statute. Helton v. Belcher, 114 Ky., 172. But the failure of the judge to endorse his approval on the deed does not render it invalid, or deprive it of its recordable character, where there is an order in the action reciting that it has been examined and approved by the court. In the latter event, a copy of the deed, together with a copy of the order showing that the deed was produced in court and acknowledged by the commissioner, and was examined and approved by the court, is sufficient to make out a prima

facie case of the regularity of the deed, and to authorize its introduction as evidence of title.

But, it is insisted that no title passed to the purchaser, Alexander Combs, because the deed in question failed to recite the names of the parties whose title was conveyed as directed by section 399, Civil Code, which is as follows:

"It shall be necessary for the conveyance to be signed by the commissioner only, without affixing the names of the parties whose title is conveyed; but the names of such parties shall be recited in the conveyance."

This precise question was before this court in the case of Sears v. Colley, 148 Ky., 445, where the court said:

"As section 397 provides that a conveyance made by the commissioner shall pass to the grantee the title of all the parties to the action or proceeding, and section 399 directs that the name of such parties shall be re-cited in the conveyance, it is manifest that the purpose of the latter provision was to have the deed show who were the parties to the action, so that the deed itself would be complete evidence of title. In the absence, therefore, of such recital in the deed, the purchaser, or anyone claiming through him, could show from the record of the proceedings who were the parties to the action, and whose title passed by the conveyance. We, therefore, conclude that that part of section 399 with reference to the deed's reciting the names of the parties to the pro-ceedings is directory and not mandatory, and that the title of all parties to the action passes under section 397, by virtue of the deed made by the commissioner, even though the names of the parties be not recited in the deed."

But it is further argued that in the deeds from the commissioner to Alexander Combs, and from certain of Alexander Combs' heirs to the plaintiffs, the description is so vague and indefinite as to render the conveyance void. The rule is that where the ambiguity is not patent on the face of the deed, but is latent, it may be explained by parol evidence. In this case, defendant claims under a different chain of title. No question of innocent purchaser for value is presented. That being true, we conclude that the deeds in question, calling for certain natural objects, which it was proper to locate by parol evidence were sufficient to vest the grantees with title.

Porter v. Porter, etc., 135 Ky., 813; Say v. Asher, et al., 132 S. W., 1035, 141 Ky., 468.

It is insisted that the defendant clearly established title by adverse possession. We have carefully examined the record and the evidence of adverse possession on the part of defendants for a continuous period of fifteen years is by no means satisfactory. Certainly it cannot be said that the finding of the jury upon this question is flagrantly against the evidence. Nor can it be said that their finding with reference to the value of the timber cut is excessive.

It appears from the record that Alexander Combs left surviving him five sons, Robert S., James Benton, Ray B., Joseph and William, and five daughters, Elmira, Margaret, Lydia Elizabeth Smith and Polly Ann Boggs. William Combs died childless and unmarried. Joseph Combs died leaving three children Henry, Asa and Sally. Elmira died leaving two children, Joseph Combs, and Orlena Morgan. Lydia Combs died leaving two children, Alice Hensley and R. B. Hensley. Margaret Combs died leaving one child, Jennie Hughes. The plaintiffs in this action are N. W. Smith and wife, Elizabeth, Polly Ann Boggs, Joseph Combs, Wash Morgan and Orlena Morgan, and Alice Hensley and R. B. Hensley. In the deed from the other Combs heirs to plaintiffs, the grantors are Robert S. Combs and his wife, Thomas Benton Combs and his wife, Roy Combs and wife, W. H. Combs, Asa Combs and his wife, Sally Combs and her husband, Davis Combs. The grantees are Elizabeth Smith, Jennie Dooley, Polly Ann Boggs, Joseph Combs, Orlena Morgan, Mahala Hensley and Ray B. Hensley. It follows, therefore, that the grantees obtained title from Asa Combs, William H. (Henry) and Sally Combs. If Jennie Hughes be the same person as Jennie Dooley, she, in addition to the interest which she owned as the heir of her mother, acquired jointly with the other grantees the interest of the grantors in the land in question. Jennie Hughes is not a party to the action. Neither is Asa Combs, Henry Combs nor Sally Combs. Yet, upon the finding of the jury in favor of plaintiffs, the court, notwithstanding the fact that neither Jennie Hughes, Asa Combs, Henry Combs nor Sally Combs was a party to the action, and notwithstanding the further fact that Asa Combs, Henry Combs and Sally Combs had parted with their interest in the land in question, adjudged that they,

together with the plaintiffs, were the owners of the land in controversy, and that the ''plaintiffs aforesaid recover from the defendant, Kentucky Coal Lands Company, the sum of $500, with interest at the rate of six per cent from June 1, 1911, until paid, and their costs herein expended.'' The evidence shows that plaintiffs owned 4-9 of the property and that they and Jennie Dooley acquired deed to 4-9. Assuming that by the deed the grantors intended to convey the land to the grantees in proportion to the respective interests which the grantees already owned, it follows that plaintiffs acquired by the deed only 4-5 of 4-9, or 16-45, which, together with the 4-9 already owned by them, made their interest 4-5 of the entire property; thus leaving in Jennie Hughes, if she be the same person as Jennie Dooley, 1-9 plus 1-5 of 4-9, or 1-5 of the entire property, or if she be not the same person as Jennie Dooley, only 1-9, and in Jennie Dooley 1-5 of 4-9, or 4-45. As plaintiffs have acquired the interests of Henry, Asa and Sally Combs, that part of the judgment adjudging them to be joint owners with the plaintiffs is not material so far as defendant is concerned, but it was error to adjudge Jennie Hughes one of the owners of the land when plaintiffs had not acquired her interest, and she was not a party to the action. The jury fixed the entire value of the timebr cut at $500. As plaintiffs owned only 4-5 of the land, it follows that they are entitled to only 4-5 of that sum. That being true, it was error to adjudge them entitled to the whole of it. The court should have adjudged that plaintiffs were the owners of only 4-5 of the land in question, and that they recover the sum of $400, with interest at the rate of six per cent from June 1, 1911, until paid, and their costs. On a return of the case the court will enter judgment on the verdict as herein directed.

Judgment reversed and cause remanded for proceedings consistent with this opinion.