## Wash v. Noel.

### (Decided November 13, 1914.)

### Appeal from Franklin Circuit Court.

1. Taxation—Delinquent Tax Sales—Limitation.—The act of 1912 providing a limitation for actions brought to enforce delinquent tax sales does not apply to actions brought before its passage.
2. Taxation—Assessment—Purchaser Without Notice.—An assessment in the name of E for wife is insufficient to sustain a sale as against a purchaser of the property from the wife without notice.
3. Taxation—Tax Sale—Liens.—The tax sale though voidable gives the purchaser thereat a lien for his money and interest.  '
4. Judgment—Offer to Confess—Costs—Interest.—An offer to confess judgment not being accepted, the plaintiff not recovering more must pay the defendant's costs thereafter but is entitled to interest on the money.

J. HUNT JACKSON for appellant.

JAMES H. POLSGROVE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

A. M. Wash brought this suit against Mattie C. Noel to recover possession of a lot in Frankfort. He alleged in his petition that the lot was owned by Kate M. Exum and assessed by her husband, C. F. Exum, for her or in her name for taxation for county and State revenue for the years 1897 and 1898; that the taxes not being paid, the land was sold by the sheriff and bought in for the State; that the land was not redeemed, and that thereafter James A. Violett as revenue agent for Franklin County under the direction of the Auditor, on May 2, 1910, sold the land at public sale, and he became the purchaser at $123.48, which he paid, and that thereafter he received a conveyance from the Auditor. The defendant

filed an answer in which she controverted the allegation of the petition and alleged that before May 2, 1910, Kate M. Exum had sold and conveyed the land to W. W. Longmoor, who had conveyed it to her, and that she was a bona fide purchaser without notice of any tax lien on the property. She offered to confess judgment for $123.48 with interest and cost. The petition in the action was filed on August 22, 1910; the answer was filed on September 13, 1912. On January 17, 1913, she filed an amended answer pleading limitation under the act of 1912 (see act 1912, page 194); the plaintiff demurred to the original answer and also to the amended answer; the court overruled the demurrers, and thereupon the plaintiff appealed to this court. The appeal was dismissed on the ground that no final order had been entered in the case (see Wash v. Noel, 154 Ky., 824). On the return of the case to the circuit court it was submitted for judgment on the pleadings and exhibits, and the court entered judgment that the plaintiff recover of the defendant the sum of $123.48 with interest to September 13, 1912, and his cost, and that he take nothing further by the suit. The plaintiff again appeals.

As this action was brought before the act of 1912 was passed, that act providing a limitation for such actions cannot apply to this case (Heath v. Hazelip, 159 Ky., 555). While the circuit court overruled the demurrer to the amended answer pleading limitation, when he came to enter judgment he ignored the plea of limitation and thus in effect properly sustained the demurrer to that plea.

It remains to determine whether the judgment is right on the merits. The deed made by the Auditor which was filed with the petition shows that the land was assessed as follows: ''Assessed and listed in the name of C. F. Exum for wife.''

The statute provides that land must be listed against the owner of the first freehold estate therein (Ky. Stats., Sec. 4049). Kate M. Exum was the owner of the land, and whether a tax sale on such an assessment would be valid had she remained the owner of the property we need not determine; but we are of the opinion that a sale on such an assessment is insufficient against a bona fide purchaser of the property who as in this case bought without notice of the tax lien after the sale by the sheriff and before the sale by the Auditor's agent; for the report of sale in the name of C. F. Exum would not put

the purchaser on notice that Kate M. Exum's property had been sold. The exhibit filed with the petition showing how the property was assessed, controls the allegation of the petition and makes the petition insufficient to show a valid sale. But Section 4035 Ky. Statutes provides that when a sale shall be set aside because of any irregularity the purchaser shall have a lien on the property for the amount of the taxes and cost, and that this may be recovered from the owner of the property with legal interest from the time of payment. The defendant offered to confess judgment for the amount so paid with interest and cost. This offer not having been accepted under Section 640 of the code the plaintiff must pay all the costs of the defendant incurred after the offer; but as the money was not in fact tendered, the plaintiff is entitled to interest thereon until it is paid. The circuit court erred in not adjudging the plaintiff a lien on the property and in stopping the interest at the time the answer was filed, but the plaintiff should pay all the cost incurred by the defendant in the circuit court after the September term of 1912.

Judgment reversed and cause remanded for a judgment as above indicated.