## Hogue, et al. v. Gibson.

### (Decided February 17, 1915.)

### Appeal from Pulaski Circuit Court.

1. Taxation—Tax Sale—Identification of Property.—To uphold a tax sale there must be a substantial compliance with the statute, and the proceedings must identify the property with reasonable certainty.

2. Taxation—Tax Sale—Identification of Property—Sufficiency.— Where property is assessed, sold and reported in the wrong name, and is described as being located in the wrong precinct, a tax sale of such property is invalid.

R. L. POPE and L. G. CAMPBELL for appellants.

O. H. WADDLE & SONS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Joe J. Gibson, brought this action against P. Hogue and others to quiet his title to a tract of land in Pulaski County. Defendants asserted title by virtue of a tax sale made by the auditor's agent on December 20th, 1909. Being of the opinion that the tax sale was invalid, the chancellor adjudged plaintiff the owner of the land, and authorized a recovery by the defendants of the amount of their bid at the tax sale, with interest thereon from the date of payment.

The facts are these:

David H. Helton was the owner of 100 acres of land on the waters of Beaver Creek, in Pulaski County. In the year 1906 plaintiff acquired title to the land in question.

David H. Helton listed the land in the name of Red Helton with the assessor of Pulaski County for State and county taxes for the year 1894, the list showing that the 100 acres were located in Barren Fork Precinct, and that James Helton was the nearest resident. The taxes for that year amounted to $1.78. On February 18, 1895, the sheriff reported to the clerk of the Pulaski County Court that he had sold the 100-acre tract of land in Barren Fork Precinct, which was listed in the name of Red Helton, for his taxes for the year 1894. The total taxes, together with costs and penalty, amounted to $2.03. The report was entered by the county clerk in a book kept for that purpose. No further proceedings were had until December 20, 1909, when S. H. Kash, as revenue agent for the State at large, offered said land for sale to the highest bidder. Defendant became the purchaser at the price of $9.01. When sold the land was described as the property of Red Helton, and as being located in Barren Fork Precinct. As a matter of fact, the land was not located in Barren Fork Precinct, but was located in Beaver Precinct.

The question is: Did defendants acquire a good title by virtue of the tax sale? The statute regulating tax sales provides that the sheriff shall make a report which shall be recorded by the county clerk in a book provided for that purpose. It further provides that when the report is recorded it shall operate as a conveyance and vest the title to the property of all persons *sui juris* in the State, county or district, or either, when purchased by the State, county or district, or either, and shall be constructive notice to the world of the claim existing in favor of the purchaser, whether the State or county or district or an individual, against the lands of persons laboring under no legal disability. Thus it will be seen that the purpose of the statute was to give constructive notice to all intending purchasers of the property. In this case the land was described as belonging to Red Helton (a nickname) instead of David H. Helton, and as being located in Barren Fork Precinct instead of Beaver Precinct. There was a mistake both in the name and in the precinct. Manifestly the report was not no-

tice to an intending purchaser that the lands of David Helton in Beaver Precinct had been sold for taxes. The case does not come within the rule laid down in Moseley, et al. v. Hamilton, et al., 136 Ky., 380, 124 S. W., 894. There the property was assessed in the proper name and was described as being in the proper precinct. Here the property was not only assessed, sold and reported in the wrong name, but in every stage of the proceeding the property was described as being located in the wrong precinct. To uphold a tax sale there must be a substantial compliance with the statute. The proceedings must identify the property with reasonable certainty. Here that certainty is lacking. In the recent case of Wash v. Noel, 160 Ky., 847, the property was assessed and listed in the name of C. F. Exum for wife. Kate M. Exum was the owner of the property. It was held that the report of sale in the name of C. F. Exum was not sufficient to put the purchaser on notice that Kate M. Exum's property had been sold, and that the sale was invalid. There is even greater irregularity in this case. There is a mistake both in the name of the owner and in the description of the property sold. We, therefore, conclude that the sale was invalid and that defendants acquired no title thereby.

Judgment affirmed.