## Brashears, et al. v. Riverside Coal & Timber Company.

(Decided December 18, 1925.)

### Appeal from Perry Circuit Court.

1. Evidence—Recorded Commissioner's Deed Held Competent Without Production of Record.—Where commissioner's deed, made in 1884, was confirmed and approved by the judge in open court and then recorded, the recorded deed was competent evidence without production of any part of the record in which it was made.

2. Executors and Administrators—Court Properly Refused to Hold Commissioner's Deed Void.—Where in settlement of decedent's estate in 1884, commissioner's deed for land was made to heirs of purchaser at judicial sale through whom plaintiffs claimed title, since after so many years the deed could only be disturbed on clear evidence that it was void, and best evidence thereof would be copy of the record, where no transcript of the record was filed, court properly refused to hold deed void.

3. Judgment—Neither Defendant nor his Grantors Estopped by Judgment in Former Action.—Where B. and H. as defendants in action in 1893, involving land, agreed that B. would so arrange matters that H. could carry out his contract to convey land to C., and H. bound himself to pay B. for such land as latter was able to make good title to by judgment, and B. agreed to make deed therefor when paid by H., and action was then dismissed as to H., who made deed to C., held that neither H. nor those holding under him were estopped by subsequent judgment adjudging land to B.

4. **Pleading—Failure to Controvert Amended Rejoinder Held Immaterial.**—Failure to controvert allegations of amended rejoinder held immaterial, where by previous pleadings the issue had been made up on facts that control the case.

T. E. MOORE, JR., and ROGERS T. MOORE for appellants.

F. J. EVERSOLE and J. E. JOHNSON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

The Riverside Coal & Timber Company brought this action against R. O. Brashears to quiet its title to a tract of land, alleging that Brashears was setting up a claim to the land upon some kind of a pretended judgment, which was a forgery and void. Brashears by his answer, which he made a counterclaim, denied the allegations of the petition, alleging that he was the owner of the land and prayed that his title be quieted. Proof was taken. He died. The action was revived against his heirs and on final hearing the circuit court entered judgment in favor of the plaintiff. The defendants appeal.

Both the parties claim under R. S. Brashears, who was the grandfather of R. O. Brashears. The latter died early in the Civil War. A suit was later brought to settle his estate. The land he owned was sold and on June 20, 1884, a commissioner's deed was made to the heirs of Anderson Cornett, who was the purchaser at the judicial sale. This deed, it is conceded, included the land in controversy. D. Y. Lyttle claimed to own a one-half interest in the Dyke's 400 acre survey, which was one of the tracts conveyed by this deed. This tract was afterwards divided by Cornett and Lyttle between them. Lyttle conveyed his one-half to P. W. Hall, who sold to E. H. and A. A. Cornett, who sold to W. M. Cornett and Hall made to him a deed. Anderson Cornett's heirs conveyed their half interest also to W. M. Cornett, and W. M. Cornett conveyed to the Riverside Coal & Timber Company.

On the other hand, R. O. Brashears claims that this tract of land was not sold in the suit to settle R. S. Brashears' estate, and that the deed made by the commissioner was void as to this tract of land, and that later the heirs conveyed same to him. He also shows that about the year 1893 an action was brought in the Perry

circuit court by William Dykes, et al., v. R. O. Brashears, P. W. Hall, et al., involving the title to about 1,700 acres of other land. In that action R. O. Brashears filed an amended answer, counterclaim and cross-petition on December 12, 1894, setting up his title to the land in controversy and praying judgment therefor. No process appears to have issued on this cross-petition. Hall had before that filed an answer on March 14, 1894, disclaiming any interest in the land that plaintiffs sued for. After this the following written contract was thereafter made between Hall and Brashears:

"Whereas there is a suit now pending in the Perry circuit court, and whereas R. O. Brashears is an heir of R. S. Brashears' estate and owns several parts of the other heirs' parts, and whereas the petitioner is claiming the lands on Bear branch that P. W. Hall, claims which is included in the Jesse Dyke's 400 acre survey and have sold to E. H. Cornett and Arch Cornett. Now to arrange matters in regard to said land so that said Hall can carry out his obligation to the said Cornetts. Now this agreement witnesseth that I, P. W. Hall, doth agree and bind myself, my heirs, executors, etc., to pay unto the said R. O. Brashears for such part of said land now in controversy as he or the heirs may hold and is able to make a good title to that is his own part and as many other parts as he is legally entitled to and authorized to convey at the rates of three dollars and fifty cents per acre when gained by judgment in the Perry circuit court, by said heirs and I, R. O. Brashears, do agree and bind myself to make unto the said P. W. Hall or his assigns a good and sufficient title to my interest and such other interests as he can in said land now in litigation in the Perry circuit court claimed by said Hall if we are successful and gain the land and when he pays me three dollars and fifty cents per acre for the interest he has interest in said land then I bind myself to make him or his assigns a good title to same as stated after determined in said court this 17th day of February, 1896.

"P. W. HALL,
R. O. BRASHEARS,
R. O. BRASHEARS, Atty in fact
for R. O. Brashears' heirs."

This action was then dismissed settled as to P. W. Hall.

On March, 18, 1898, a judgment was entered in that action in favor of R. O. Brashears adjudging to him the land here in controversy. No appeal was taken from this judgment, and thereafter R. O. Brashears tendered to P. W. Hall a deed for the land. Hall declined to accept the deed or pay for the land. Nothing more was done until March 4, 1913, when Brashears had a writ of possession issued for the land which was returned executed. It was in fact mountain land with timber growing on it. Thus things stood when this suit was brought on March 13, 1913.

The commissioner's deed, made in 1884, is shown to have been confirmed and approved by the judge in open court and was then recorded. The recorded deed is competent evidence without the production of any part of the record in which it was made. Helton v. Belcher, 114 Ky. 172. It is earnestly insisted that the deed was void because the court had not ordered the sale of this tract of land and it had not in fact been sold by the commissioner. A copy of the judgment ordering the sale is filed with the deposition of R. O. Brashears, but no transcript of the record of that action is filed, and we have no way of knowing what other orders were made in the case. After so many years the deed can only be disturbed on clear evidence that it was void. The best evidence on the subject would be a copy of the record, and that not being produced the circuit court properly refused to hold the deed void.

It is earnestly maintained for appellants that R. O. Brashears having recovered a judgment for the land in the action in which W. P. Hall was a party, Hall is estopped by that judgment, and appellant claiming under him is also estopped thereby. But by the written contract between Brashears and Hall it appears that Hall had already sold the land to Cornett and this agreement was made in order to enable him to carry out his contract with Cornett. He did carry it out by making Cornett's vendee a deed. If he did not pay Brashears as he agreed to do, Brashears had a right of action against him for the purchase money he agreed to pay, but he should not be allowed to disturb Cornett, who had previously bought and whose purchase was carried out by Hall; for the very purpose of the contract between Hall and Brashears was to enable Hall to carry out this contract. To allow

Brashears now to recover the land from Cornett or his vendee would be to defeat the very purpose of the contract. If Brashears had been paid by Hall this would be conceded. But Hall's failure to pay in no wise affected Cornett's rights after the contract with him was carried out. That contract having been carried out by deed made December 22, 1897, and the contract with Brashears having been made for the purpose of carrying this contract into effect, Cornett's vendee cannot be disturbed. Hall is dead, and after so many years without any legal action taken by Brashears it will be contrary to all sound equity to give him any relief against appellant, who is a *bona fide* purchaser from those having the title of record. It does not appear that any *lis pendens* notice was filed as provided by the statute or that any of the parties had notice of the judgment. The action had been dismissed settled as to P. W. Hall and he had conveyed the land to Cornett before the judgment in favor of R. O. Brashears was rendered. Cornett held the title of record under his deed and was in no wise affected by the judgment. The failure to controvert the allegations of the amended rejoinder is not material, for by the previous pleadings the issue had been made up on the facts that control the case.

Judgment affirmed.