## Jones v. Johnson.

(Decided March 9, 1928.)

### Appeal from Jackson Circuit Court.

1.   Taxation.—Tax deed executed by auditor does not preclude.
     attack on tax sale, but merely places on him who makes attack,
     burden of pleading and proving irregularities avoiding sale, since
     under Ky. Stats., secs. 3760 and 4030, such tax deed is only

prima facie evidence of regularity of sale and of title in grantee.

2. Taxation.—Where land was assessed twice for same year, once in owner's true name and once in name she no longer bore, one acquiring title under assessment and sale made and reported in wrong name acquired no title by auditor's deed as against one acquiring title through assessment and sale in owner's true name, since sale under wrong name was void.

3. Quieting Title.—In action to quiet title in which each party claimed to common source, it was not necessary for plaintiff to prove title further back than common source.

4. Quieting Title.—Where commissioner's deed recites names of parties whose interests were conveyed and shows on face that it was examined and approved by court and that approval was indorsed on deed and recorded with it, such deed is admissible as evidence of title in action to quiet without introduction of any other portion of record of proceeding in which it was directed to be made; rule being different than when court's approval was not indorsed on deed and recorded with it.

A. W. BAKER and H. N. DEAN for appellant.

J. R. LLEWELLYN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

On March 19, 1903, Bill Baker, a single man, conveyed to J. W. Holcomb and his wife, Nannie Holcomb, a tract of land lying on the waters of Horse Lick creek in Jackson county. J. W. Holcomb died on October 9, 1906. On March 11, 1908, Nannie Holcomb married a man by the name of Johnson. In the year 1912 Nannie Johnson brought suit in the Jackson circuit court against her and J. W. Holcomb's children to reform the deed made to her and her husband jointly by Bill Baker, and to compel the children to convey a one-half interest in the land to her. Judgment was rendered directing a conveyance by the master commissioner, and on January 11, 1913, the commissioner on behalf of the children conveyed the property to Nannie Johnson by a deed which he duly acknowledged in the presence of the court, and which was examined and approved by the court, and the approval of the judge indorsed thereon. Thereafter the property was given in for taxation, and assessed in the name of Nannie Johnson. However, for the year 1915 it was assessed twice, once in the name of Nannie Holcomb, and once in the name of Nannie Johnson, and was

sold for taxes in both names. At the sale in the name of Nannie Holcomb, the property was purchased by the state and county, and three years later was conveyed to W. S. Jones by the auditor. At the sale in the name of Nannie Johnson, the state and county became the purchaser. A short time thereafter Nannie Johnson paid the taxes, penalty, and interest in full, and the claim of the state and county was released by the clerk.

Alleging that she was the owner of the land, that the tax sale in the name of Nannie Holcomb was void, and that the auditor's deed to the defendant cast a cloud on her title, Nannie Johnson brought this suit against W. S. Jones to cancel the auditor's deed to him, to quiet her title, and to recover damages for timber cut and removed from the premises, and for rents and profits for a period of three years. The defendant filed an answer denying certain allegations of the petition, and particularly the allegation that the deed made to him by the auditor was void. In another paragraph he pleaded and relied on a title bond alleged to have been executed to him by J. W. Holcomb on March 12, 1906. Thereupon Nannie Johnson filed an amended petition, alleging that she had learned for the first time that the defendant was claiming title under the title bond, and further alleging that the title bond was a forgery. She also filed a reply denying the execution of the title bond, and pleading that it was a forgery. Evidence was taken by deposition and on final hearing the court rendered a judgment adjudging that the title bond was a forgery, and that plaintiff's title be quieted, and that she recover $150 damages for rents and profits. Jones appeals.

Under Kentucky Statutes, secs. 3760 and 4030, a tax deed executed by the auditor is only prima facie evidence of the regularity of the tax sale, and of title in the grantee. Kentucky Lands Investment Co. v. Simmons, 146 Ky. 588, 143 S. W. 43. That being true it does not preclude an attack on the sale, but merely places on him who makes the attack the burden of pleading and proving such irregularities as will avoid the sale. Kypadel Coal & Lumber Co. v. Millard, 165 Ky. 432, 177 S. W. 270; McGrath v. Smith, 175 Ky. 572, 194 S. W. 806. Here appellee showed by uncontradicted evidence that the land in question was assessed twice for the same year—once in her true name, and once in a name which she no longer bore. Though the property was assessed and sold in the true name of the owner, appellant acquired title under

an additional assessment and sale made and reported in the wrong name, and there can be no doubt that the sale was void, and he acquired no title by the auditor's deed. Hogue v. Gibson, 162 Ky. 813, 173 S. W. 138.

The only other claim of title asserted by appellant is the title bond alleged to have been executed by appellee's former husband, J. W. Holcomb. The court adjudged the title bond to be a forgery, and when all the evidence is considered in the light of the situation and circumstances of the parties, we are not prepared to say that the chancellor erred in his conclusion.

The principal ground urged for reversal is that appellee failed to show title either by adverse possession or from the commonwealth. It must not be overlooked that this is a case where appellant and appellee are each asserting title; the former through the auditor's deed and the title bond alleged to have been executed by J. W. Holcomb, and the latter through the conveyance made to her and her husband by Bill Baker and the commissioner's deed conveying the interests of the Holcomb children. In the circumstances, each of them is claiming to a common source, and it was not necessary for appellee to prove title further back than the common source. Kendrick v. Burchett, 89 S. W. 239, 28 Ky. Law Rep. 342; Stoffler v. Edgewater Coal Co., 198 Ky. 523, 249 S. W. 753.

Another contention is that the commissioner's deed was not evidence of title in the absence of such portions of the record as were necessary to show the regularity of the proceeding. It is true that, where the approval of the court is not indorsed on the commissioner's deed, and recorded with it, the deed is not evidence of title in the absence of an order showing that the deed was examined and approved by the court (Parsons v. Dills, 159 Ky. 471, 167 S. W. 415; Kentucky Coal Lands Co. v. Smith, 149 Ky. 794, 149 S. W. 979); but that is not the situation here. The commissioner's deed on which appellee relies not only recites the names of the parties whose interests were conveyed by the commissioner, but shows on its face that it was examined and approved by the court, and that his approval was indorsed on the deed and recorded with it. In such a case it is now the settled rule that the deed itself is admissible as evidence of title without the introduction of the judgment, or any other portion of the record of the proceeding in which the deed was directed to be made. Helton v. Belcher, 114 Ky. 172, 70 S. W.

295; Conley v. Breathitt Coal, Iron & Lumber Co. (Ky.), 113 S. W. 504; Kentucky Coal Lands Co. v. Smith, supra; Sears v. Collie, 148 Ky. 444, 146 S. W. 1121; Cooper v. Williamson, 191 Ky. 213, 229 S. W. 707.

Judgment affirmed.