## SOUTHERN HOLDING & SECURITIES CORPORATION v. KENTUCKY RIVER COAL CORPORATION.

### No. 757.

District Court, E. D. Kentucky.
Jan. 10, 1938.

Cleon K. Calvert, of Pineville, Ky., Kent V. Gay, of St. Louis, Mo., S. M. Ward, of Hazard, Ky., and J. G. Bruce, of Washington, D. C., for plaintiff.

P. T. Wheeler, of Hazard, Ky., Samuel M. Wilson, of Lexington, Ky., and J. E. Johnson, Jr., of Hazard, Ky., for defendants.

FORD, District Judge.

The plaintiff, a Delaware corporation, instituted this action at law against the Kentucky River Coal Corporation, a Virginia corporation, and the Swift Coal & Timber Company, a Louisiana corporation, alleging itself to be the owner, seized as of fee "under one title and source of title and not under different titles," of six specifically described tracts of land lying on Big Leatherwood creek in Perry county, Ky., the possession of which is alleged to have been wrongfully taken by the defendants and unlawfully detained by them from the plaintiff. The plaintiff seeks to be adjudged the owner of and entitled to the immediate possession of the land described and prays for the issuance of an appropriate writ to the end that it may be placed in quiet possession thereof.

The plaintiff claims to have acquired title to the property by a deed executed and delivered to it by the auditor of the commonwealth of Kentucky on the 12th day of May, 1933. Exhibit 14. By this deed, the auditor purports to convey to the plaintiff "all the right, title and interest of the Commonwealth of Kentucky" in and to forty-four specifically described tracts of land in Perry county, Ky., alleged to embrace the

six tracts of land here in controversy. The deed contains the following recital, relative to the source of the state's title which it purports to convey:

"All the above described land assessed and listed in the name of The W. C. Belcher Land Mortgage Company for the taxes for the year 1923 and sold and forfeited to the State of Kentucky on the 11th day of February 1924, after due advertisement for the non-payment of the revenue due on said lands for the year 1923 above mentioned as will more fully appear by the records of the Perry County Court.

"The said land not having been redeemed by the owner within two years next after said sale became forfeited to the State. In compliance with and by virtue of an Act of the General Assembly of Kentucky, which became a law March 29, 1902; relating to Revenue and Taxation, and other laws in force regulating the sale of such lands, the above described lands after advertisement by printed notices published in The Hazard Herald a weekly paper of general circulation published in Hazard, Perry County, Kentucky, for four consecutive weeks, next preceding said sale and by posting notices on the court house door and in three other public places in Perry County for more than twenty-eight days previous as required by law was offered for sale publicly at the place and on the day advertised, to the highest and best bidder, at the Court House door on (County Court day) Monday the 8th day of May, 1933, and no one offering to pay the whole tax for a part of the lands it was necessary to sell all of said lands which were sold publicly by A. B. Rouse, Revenue Agent for the State at Large to Southern Holding & Securities Corporation, party of the second part herein, it being the highest and best bidder, at the sum of three thousand, three hundred and thirty-three and 33/100 ($3,-333.33) dollars, that being the sum required to be raised at the sale of said lands hereinabove described."

It is the contention of the plaintiff that prior to the execution of this auditor's deed, the state of Kentucky had acquired title to the six tracts of land involved in this action by three separate processes: (1) Through the tax sale referred to in the deed made by the sheriff of Perry county on the 11th day of February, 1924, by which the sheriff sold to the state 33,800 acres of land assessed for taxes for the year 1923 in the name of the W. C. Belcher Land Mortgage Company; (2) through a tax sale made by the sheriff of Perry county on the 13th day of January, 1908, by which the sheriff sold to the state 56,000 acres of land assessed for taxes for the years 1903, 1904, 1905, 1906, and 1907, in the name of E. N. Yelland's heirs; (3) by virtue of a judgment of forfeiture made and entered by the Perry circuit court on January 4, 1932, in an equity action styled Commonwealth of Kentucky, by John H. Asher, Commonwealth's Attorney v. Smith and Baum and others, the effect of which was to vest in the state the title to the lands involved in that action which embraced the lands here in controversy. The source of the auditor's authority to convey the title acquired by the state under this judgment of forfeiture, as well as under the forfeiture alleged to have resulted from the failure to redeem after the sheriff's tax sales referred to, is claimed by the plaintiff to be found in section 4154 of the Statutes.

The defendant Swift Coal & Timber Company filed an answer disclaiming any interest in the lands in controversy, and the action was dismissed as to it.

The defendant Kentucky River Coal Corporation challenges the claim of the plaintiff with reference to the state having acquired any title by virtue of the sheriff's tax sales of February 11, 1923, and January 13, 1908, and asserts that both sales are void by reason of irregularities in the tax assessments upon which they are based and in the procedure followed by the sheriff, and hence they are ineffective to vest any title in the state. It challenges the validity of the auditor's deed to effect conveyance to the plaintiff of the title vested in the state by the judgment rendered in the forfeiture action on the ground that the auditor was without legal power or authority to divest the state of the title so acquired.

Numerous other defenses are set up by defendant's answer and its several amendments, but, in view of the conclusion reached, it is deemed unnecessary to consider or discuss them.

By agreement of the parties, a trial by jury was waived and the case was heard by and submitted to the court for judgment upon the law and facts.

Upon the principle that the plaintiff, if entitled to recovery, must recover on the

strength of its own title, we consider the vital question as to whether, under the deed from the auditor of the state of Kentucky of May 12, 1933, the plaintiff acquired any title whatever to the land in controversy.

Section 4030 of the Kentucky Statutes provides, in substance, that in all suits involving the title of lands claimed or held under a deed made in pursuance of a sale for taxes, the deed shall be prima facie evidence of the regularity of the sale and of all prior proceedings and title in the person to whom the deed was executed. This section has been held to apply to an auditor's deed. The effect of the statute is that the burden to show that there was some fatal irregularity in the proceedings upon which the auditor's deed was based is upon the defendant and we must determine from the record whether that burden has been sustained. Alexander v. Aud, etc., 121 Ky. 105, 88 S.W. 1103; Husbands v. Polivick, 128 Ky. 652, 96 S.W. 825; Kentucky Lands Investment Co. v. Simmons, 146 Ky. 588, 143 S.W. 43; Kypadel Coal & Lumber Co. v. Millard, 165 Ky. 432, 177 S.W. 270.

With reference to the tax sale made by the sheriff of Perry county on February 11, 1924, for 1923 taxes, the record contains a copy of the proceedings of the Perry county board of supervisors in which it is shown that at a meeting of that board held on the 18th day of April, 1923, the following assessment of taxes was made for the year 1923:

"Supervisors revised assessment list for the year 1923 Book 2 page 17–18

"The Perry County Board of Supervisors met pursuant to adjourning in the court house at Hazard, Kentucky on this the 18th day of April, 1923, present and presiding K. L. Combs, chairman of said board with the following members namely B. T. Fields, Ace Muncy, Hiram Ingram, Charley Davis and Geo. E. Saufley.

"Non Resident and Coal Corpn.

"W. C. Belcher Land Mtg. Co. 33809 acres @ 1,014000 Fixed @ 1014000 for ⅝ of 91,200 acres." (Exhibit 26.)

There is produced in evidence a copy of an order of the Perry county court made and entered on the first day of October, 1923 (Exhibit 27). The first paragraph of the order is as follows:

"Perry County Court Order Book No. 7 page 169–170

"October Term 1st day of October, 1923.

"In the Matter of the W. C. Belcher Land Mortgage Company:

"This day came the W. C. Belcher Land Mortgage Company and filed its motion setting out the number of tracts with acreage in each claimed by it in Perry County, which are as follows:

"Property owned by W. C. Belcher Land Mortgage Company Perry County, Kentucky, 1923."

This is followed by a list of thirty-seven separate tracts of land showing the creek upon which each separate tract is located, the nearest resident to each, and the number of acres contained in each tract, totaling 1,765 acres. Then follows this:

"And the Court being advised orders and adjudges that said Company be assessed for taxes for the year 1923 on 1765 acres at a price of $20.00 per acre, aggregating $35,300.00, and that said amount be certified to the proper officer for collection and that said amount be charged against said company as a corrected list in lieu of $1,040,000.00 as was charged by the Board of Supervisors, they having specifically set out the number of acres which they claim. It is further ordered that this be a final judgment in the cause of Belcher Land Mortgage Company v. Board of Supervisors of Perry County, now pending in the Perry Quarterly Court wherein said corporation asks for a correction of its assessment."

By section 4250 of the Kentucky Statutes, the county court of the county in which an assessment is made is empowered to hear evidence and correct erroneous assessments upon complaint by any person or corporation claiming to be erroneously charged with any tax upon property not owned by them; and by section 4128 of the Statutes a proceeding is authorized under which a taxpayer, feeling aggrieved at the action of the board of supervisors in assessing his property, may appeal to the quarterly court for its correction and the quarterly court is authorized to "pass upon all such appeals." The right of appeal from final orders is provided for.

Nothing appears in the record to indicate that any appeal was taken from this action of the court purporting to correct

760

the assessment of lands charged to the W. C. Belcher Land Mortgage Company by the action of the board of supervisors on April 18, 1923, by reducing the acreage assessed from 38,809 acres to 1,765 acres, and reducing the amount of the assessment from $1,014,000 to $35,300. The sheriff merely ignored the action of the court and in disregard of it undertook to sell 33,809 acres upon the originally assessed valuation of $1,014,000 at a sheriff's sale held on the 11th day of February following the entry of this order. I am of the opinion that the action of the sheriff, in disregarding the corrected assessment of the property made by the court, rendered his sale of February 11, 1924, utterly void and of no effect. Lee v. Weller, 144 Ky. 70, 137 S.W. 782; Smith v. Ryan, 88 Ky. 636, 11 S.W. 647; Collins v. Lane, 151 Ky. 8, 150 S.W. 977.

█ It is further shown in the record that the W. C. Belcher Land Mortgage Company, in whose name the land was assessed, was not the owner but was a mere trustee for certain real owners and claimants under a deed of trust. See W. C. Belcher Land Mortgage Co. v. Hazard Coal Corp., 6 Cir., 15 F.2d 481. This is an additional irregularity in the assessment sufficient to invalidate the sale. Shawler v. Carter, 215 Ky. 601, 286 S.W. 779; Paul v. Goins, 198 Ky. 679, 249 S.W. 1007; Wash v. Noel, 160 Ky. 847, 170 S.W. 197.

█ As to the tax sale made by the sheriff of Perry county on January 13, 1908, the report of sale introduced in evidence (Exhibit 163) is as follows:

"Sold on the 13 day of Jan. 1908.

"Book 2. Page 122. #5. E. N. Yelland's Heirs. 56,000 acres of land in Perry Co., Ky. Year's Tax 1903, 1904, 1905, 1906, 1907. Valuation $50,000.00. State Tax $1237.50. 6% comm. 74.25. County Tax $1237.50 6% comm. $74.25."

This report is wholly lacking in identification of the land sold and, obviously, is insufficient to support the sale. Wash v. Noel, supra; Hogue v. Gibson, 162 Ky. 813, 814, 173 S.W. 138; Brown v. Harvey Coal Corporation, D. C., 49 F.2d 434. Furthermore, it purports to sell the land for five years taxes, which, so far as any provisions of the Kentucky Statutes are concerned, is entirely unauthorized.

Without discussing other irregularities disclosed by the record affecting these tax sales, I am of the opinion that, by the irregularities pointed out, the defendant sustained the burden of showing that both of the sheriff's tax sales relied upon are void and that the state acquired no title to the land in question by virtue of either of them.

The final contention made by the plaintiff is that the auditor's deed operated to convey to the plaintiff the title to the land which was adjudged forfeited in the equitable action instituted in the Perry circuit court to which reference has already been made.

Article 3 of the Revenue and Taxation Act of 1906, Ky.St. §§ 4076b–4076k, inclusive, relates to the assessment of old land grants and makes it the duty of every owner or claimant of land which was omitted from assessment for the years 1901 to 1905, inclusive, to have the same assessed and listed for taxation within a time specified in the act. It provides that in cases of failure of owners or claimants to comply with the provisions of the act, it shall be the duty of the commonwealth's attorney "to institute in the circuit court of the county in which said land or any part thereof lies, a proceeding in equity, in the name of the Commonwealth of Kentucky as plaintiff against said tract of land, and the owners or claimants of said land as defendants, naming them if their names are known to him, and if their names are unknown to him, designating them as the unknown owners and claimants thereof, for the purpose of declaring the title or claim of said defendants forfeited to this Commonwealth, and selling same." It further provides: "The suit so instituted shall be proceeded with to final judgment in all respects as other equity causes so far as applicable." Ky.St. § 4076d.

Section 4076e provides a particular method by which any of the defendants in privity with the title forfeited in the proceeding, before or during the term of the circuit court next succeeding the term at which a judgment for forfeiture may have been entered, may redeem his title so forfeited.

Section 4076h provides that all title and claim to the land vested in the commonwealth under the provisions of this act and not redeemed by the owner "shall be sold to the highest and best bidder for cash in hand. Said sale shall be made pursuant to a judgment of the circuit court in said action. * * * The commissioner shall report the sale to the court for its confirmation, and, when confirmed, the court shall

order the commissioner to make a deed to the purchaser. Such deed shall operate to transfer to said purchaser such title and claim to the land so forfeited." Specific provision is made for the distribution of the money realized from the sale as follows:

"The money realized from said sale shall be paid out and distributed as follows: First, to the payment of the costs of the suit, including commissioner's fee as fixed by law and a reasonable attorney's fee, to be fixed by the court and paid in the manner provided by law; second, to the county and state the proportion to which each may be entitled, together with interest and penalty as in this article provided; third, the remainder shall be paid over to the former owner or claimant or his personal representative or assigns."

It is shown by the record that, on September 17, 1931, the commonwealth's attorney of the district in which the land in question is located instituted an equitable action of the character prescribed by the Statutes in the circuit court of Perry county. To this action the plaintiff, Southern Holding & Securities Corporation, was made a party defendant. The relief sought on behalf of the commonwealth was to have the court adjudge and declare the title and claim of all defendants in and to a large number of tracts of land of which the land here in controversy is a part forfeited to the commonwealth and a judicial sale thereof. Although this plaintiff, as one of the defendants in that action, vigorously contested the right of the commonwealth to the relief claimed against it, the court rendered a judgment of forfeiture on January 4, 1932. On January 29, 1932, this plaintiff, as one of the defendants in the action, joined in the execution of a supersedeas bond and in the prosecution of an appeal to the Court of Appeals of Kentucky. The judgment of the Perry circuit court was affirmed by the Court of Appeals on November 5, 1932. See Southern Holding & Securities Corp. v. Commonwealth, 245 Ky. 602, 53 S.W.2d 974. On December 1, 1932, the mandate of the Court of Appeals was filed in the Perry circuit court. At the following June term, 1933, which was the first term of the Perry circuit court convening after it was considered that the time had lapsed for redemption under section 4076e, an order of sale was entered by the court which was duly executed and confirmed. The defendant was one of the purchasers, and, by order of the court, received a deed from the court's commissioner.

The question is presented as to whether the auditor's deed, executed and delivered to the plaintiff on May 12, 1933, while the forfeiture action was still pending in the Perry circuit court, and between the time that the mandate of the Court of Appeals was filed and the order of sale was made, can be effective to circumvent the jurisdiction of the court so as to render impossible obedience to the statutory command that the sale of the land forfeited "shall be made pursuant to a judgment of the circuit court in said action," and "the court shall order the commissioner to make a deed to the purchaser."

Doubtless, the Legislature anticipated that schemes would be devised to forestall the action of the court and to frustrate the complete accomplishment of the purpose intended to be attained by the court proceedings prescribed. Perhaps it was to guard against such efforts that, immediately after prescribing the purpose of the action to be that of declaring the title forfeited and "selling same," it inserted the significant provision, "The suit so instituted shall be proceeded with to final judgment in all respects as other equity causes so far as applicable." Ky.St. § 4076d.

Section 4154, upon which plaintiff relies as the only source of the auditor's authority to convey these forfeited lands, is section 32 of article 8 of the Revenue and Taxation Act of 1906, Ky.St. §§ 4129–4168, inclusive. This article relates to the collection of revenue, the sheriff's bond, and his various duties in respect thereto. The sections immediately preceding section 4154 (section 32 of Act 1906) deal with and prescribe the duty of the sheriff to summarily levy upon and sell lands of a delinquent taxpayer, the period of redemption and the vesting of title to the land sold by the sheriff under authority of those sections. The particular provision of the section relied upon is:

"The revenue agent, under the direction of the auditor of public accounts, may, after the two years for redemption have expired, advertise and sell at public sale any of said lands forfeited to the state, and the auditor may convey said lands by deed to the purchaser, and he shall pay to the county or district, or both, the amount of such tax due each."

The authority of the auditor under this section to convey lands forfeited is ex-

762

pressly limited to "said lands forfeited to the state." Obviously, the lands referred to are only those levied upon and sold by the sheriff and forfeited under the conditions set out and prescribed by the preceding sections of article 8. Clearly, the provision has no reference to lands forfeited by judgment of the court in the special forfeiture proceedings prescribed by article 3 of the act.

The only method of divesting the state of the title acquired as the result of the judgment of forfeiture in the equitable proceedings pending in the circuit court is by a conveyance made pursuant to a judicial sale held under and pursuant to the orders of the court. I am of the opinion that the method so provided is exclusive and must be followed. Commonwealth v. Helm, 163 Ky. 69, 173 S.W. 389; Kentucky Union Co. v. Commonwealth, 128 Ky. 610, 108 S.W. 931, 110 S.W. 398; Smith v. Commonwealth Land & Lumber Co., 172 Ky. 607, 189 S.W. 912; Bronaugh v. Commonwealth, 188 Ky. 103, 221 S.W. 531.

It follows from what has been said that by the deed from the auditor of Kentucky of May 12, 1933, the plaintiff acquired no title whatever to the land described in the petition, and that being the only source of title relied on, the petition should be dismissed.

Judgment will be entered in conformity herewith.