OPINION of the Court, by
Judge Bibb.
On the trial of an ejectment, the lessor of the plaintiff made ti-tie to the premises under a grant from the commonwealth of Virginia to the said lessor, M’Intire, bearing date on the 2d December, 1785, for 500 acres of land.
The defendant, Johnson, gave in evidence a deed, from the marshal of the Kentucky district, for 490 acres of land; reciting, as the consideration thereof, the act of the congress of the United States, passed in the year 1804, entitled “ an act further to amend an act entitled an act to lay and collect a direct tax within the United States and a certificate or transcript of land sold, filed with the clerk of the district court as follows : “ four hundred and ninety acres, listed in the tax list as the property of George Branaugh, and charged with the direct tax and costs, amounting to three dollars and sixty cents, for which sum George Johnson purchased the whole of the said tract, which was sold by George Mansell, collector of the direct tax in the second collec-tlon district, at Paris, the 19th July, 1803 : — ■—” therefore that the said marshal, in pursuance of the directions of the said act before recited, “ hath and doth, by these presents, convey unto the said George Johnson, his heirs and assigns, the said 490 acres of land with the appur^nances, and all the estate, right, tule and inte *296 rest of the said George Branaugh of, in and to the same,'* &c. which indenture bears date on the 21st of August, 1806.
Until claimant under the marshal's deed had made out a good derivation of title, prima facie, it was not ne-ceffary for the perfon whoie land had been fold for the direct tax to prove payment of the tax.
The defendant farther gave in evidence the certificate of the supervisor of the Kentucky district, in these words ? “ I certify that in the original book, made out by the, principal assessor for the Bourbon district, George Branaugh is assessed as proprietor, and Peter Forqueran as occupant of 490 acres in said district, and, by the collector’s list of sales made to my office, it appears said tract was sold for non payment of the direct tax, and George Johnson became the purchaser.”
The defendant farther proved, by George Branaugh, “ that in the year-*• he made a parol contract for the lands in dispute with said John M’Intire, and settled on thelands, andthatPeter Forqueran was also in possession thereof as occupant; that he enlisted 490 acres, part of the 500 acres in contest, with the United States assessor, &c.; that he, Branaugh, had paid no part of the purchase money to M’Intirc” — “ that M’Intire never listed the land for taxation, or paid tax for the same to the United States.”
Upon this evidence the defendant moved the court to instruct the jury that if they believed the evidence, the said defendant hada good title to 490 acres, part of the 500 acres in contest, which instruction the court refused to give ; to which opinion the defendant tendered his bill of exceptions, stating the evidence and motion aforesaid ; which bill was sealed and enrolled, &c.
The plaintiff had judgment, and the defendant appealed therefrom. The only question made in this court is the propriety or impropriety of the instruction moved for.
The evidence offered by the defendant himself, now appellant, proves that Branaugh, in whose name the land was assessed and sold for the direct tax, had no title. The parql contract made with M’Intire had not been executed, but was void, according to statutory provisions. If, therefore, the deed executed by the marshal is to be considered as conveying only the right of Bra-naugh, the appellant had made out no title, and the refusal of the court in that point of view would be proper.
But from the recitals in the deed it would seem, as well as from the certificate of the supervisor, that the *297 land had been sold as the estate of Branaugh, and not as the estate of M’lmire, assessed in the name of Bra-naugh, nor yet as the property of a person unknown. Without deciding the question growing out of the thirteenth section of the act of the Congress of the United States, of July, 1798 (a), entitled “ an act to lay and collect a direct tax within the United States,” whether lands actually occupied could be sold without demand, as is provided in the ninth section of the same act; it is sufficient to say, that where the land has been erroneously assessed to one person, when the said land belonged to another, it is necessary to a derivation of title by the marshal’s deed to shew that the eleventh section of the before recited act (b) has been complied with*, according to the directions of the fifth section of the act of 1802 (c), amending the former. This the defendant in the ejectment has not done, either by a recital in the deed or by parol proof, and therefore the derivation of title was incomplete.
As to the negative oath which the witness was so unadvised as to take, we must leave it out of view, it can have no bearing on the case. M’Intire may have entered the land and paid the direct tax under his own title, notwithstanding the witness did not know of zi, which is the only construction that can be put on his oath. And if the defendant, Johnson, had made a good derivation of title prima facie, then it would have been incumbent on M’Intire to rebut it, by proving payment by himself, or otherwise sapping the title so deduced, but not until then.-Judgment affirmed.

 If the lands, houfes or ilaves were not owned by, or in the occupation, or under the juperincendence of lome perfcn within the collection diftrict where the fame were fituate or found at the time of aiTsfiment, the collectors were required to tranfmit copies of the lifts of fuch lands, houfes or jlaves to the furveyors of the revenue for the aficffment diftricts within which the per-fon owning, or having care or fuperintendence of fuch lands, houfes or ilaves re-fided, together with a ftatement of the amount of taxes, and a notification to pay ; and fuch notification was required to be perfonally ferved, or left at their ufual place of abode : and if the perfons owning, or fuperintending, or having care, were unknown, then the collectors were required to caufe find copies, ftatements and notifications to be published for fix ty. days in four gazettes of the fíate.

 4 Vol. L.U. S. p. 313.

 4 Vol. p. 211.

 6 Vol. P. 35.