## Paul, et al. v. Goins, et al.

(Decided April 20, 1923.)

### Appeal from Henry Circuit Court.

1. Taxation—Burden is on Owner to Show Statutory Requirements for Sale Were Not Complied With.—The former rule that the burden was on the holder of a tax title to prove strict compliance with all the provisions of law regulating the subject, in order to sustain his title, has been changed by the enactment of Ky. Stats., section 4030, under which the sheriff's deed to an individual purchaser and the auditor's deed pursuant to sale by state revenue agent create a prima facie presumption that all prior requirements were complied with, and cast on the owner the burden of proving the contrary.

2. Taxation—Valid Assessment is Prerequisite to Valid Sale for Taxes.—A prerequisite to a valid sale for the collection of taxes is a valid

assessment of the property in the name of the owner, and without it no lien for taxes is created, nor can the property be sold for such taxes, and, if such sale is attempted, no title will pass.

3.  Taxation—Auditor's Deed Held Invalid for Want of Valid Assessment.—Proof by the grantee of the former owner of property, conveyed by the state auditor on a sale by the state revenue agent, that the property was not assessed for the year for which the taxes were unpaid, either in the name of the owner thereof on September 1, the date of the assessment, or in the name of the purchaser to whom it was deeded on November 2, of that year, shows that the sale of that property to the state by the sheriff and the auditor's deed on the subsequent sale by the state revenue agent were void, and conveyed no title to defendants.

W. B. MOODY for appellants.

H. K. BOURNE and W. P. THORNE for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This action involves the title to a house and lot located in Eminence, Kentucky, of the value, according to the proof in the case, of between one thousand and fifteen hundred dollars. The appellant and defendant below, Geo. C. Paul, claims title to the lot under a deed executed to him on October 21, 1919, by Robert L. Green, then auditor of public accounts of Kentucky, which deed was executed pursuant to a sale of the lot made by W. H. Gray, revenue agent for the state at large, on October 13, 1919, at which sale defendant became the purchaser at the price of $11.50. The sale by the revenue agent was made pursuant to the provisions of section 4154 of the Kentucky Statutes, and the tax sought to be realized was that which was due and payable in the year 1913 on the assessment to be made as of September 1, 1912, at which time the lot was owned by J. H. Booker, he having purchased it from the owner in the month of May, 1912, and he sold it to W. F. Brawner on November 2, 1912, and the latter sold it to appellees and plaintiffs below, Curtis Goins and wife, Mary B. Goins, on March 23, 1917, and they were the owners on the day the lot was attempted to be sold by the state revenue agent. The authority of the latter to make that sale is bottomed on a prior sale of the lot made by the sheriff of Henry county on January 4, 1914, to collect alleged taxes due the state from Booker on the assessment which should have been made in 1912, the amount of forty-four (44) cents, and taxes due Henry county on the same assessment amounting to $4.08. At that sale the

sheriff certified to the county court clerk of the county that no one offered to bid the taxes for a less amount than the whole of the lot and that he purchased it for the amount of the taxes for the state and for the county pursuant to the provisions of section 4151-2 of the present Kentucky Statutes, which sale, if regular, and preceded by a strict observance of the statutes with reference to sale of land for taxes, vested the title of the lot in the state and the county subject to be defeated by the owner redeeming it within two years thereafter by paying all the taxes and penalties; but if not so redeemed it could then be sold for the purpose of realizing the taxes, as was attempted in this case.

Plaintiffs are non-residents of the county and had no actual knowledge of the sale made by the sheriff or the one made by the revenue agent, nor did they know that Booker had failed to assess the property in 1912, much less that he or any one else had failed to pay the taxes due on such assessment, and when they learned that defendant was asserting ownership of the lot under his deed from the auditor they filed this equity action in the Henry circuit court to enjoin him from doing so and to cancel his alleged deed as a cloud upon their title, and alleged numerous non-compliances with the law as grounds for such relief, among which was that the lot had never been assessed by any constituted assessing authority either in the name of Booker, the true owner, or in the name of any subsequent owner for the particular taxes sought to be collected.

Formerly the burden was upon the holder of a tax title to prove strict compliance with all the provisions of law regulating the subject in order to sustain his title. In other words, there was no presumption that prior provisions of the law relating to the collection of taxes or the sale of land therefor were complied with, but since the enactment of section 4030 of the statutes the sheriff's deed to an individual purchaser of the land at a sheriff's sale, and an auditor's deed made pursuant to a sale by a state revenue agent of land purchased at the sheriff's sale by the taxing authority reciting the statutory steps, will create a *prima facie* presumption that all prior requirements were complied with and the burden is cast upon the taxpayer to prove the contrary. James, Auditor, etc. v. Blanton, 134 Ky. 803; Mosley v. Hamilton, 136 Ky. 680, and Taylor v. Arndell, 192 Ky. 249. The recitations in the auditor's deed in this case are sufficient to

cast the burden upon plaintiffs under those opinions to
show that some prior and necessary requisite was not
complied with.  The trial court adjudged defendants a
lien upon the lot for the amount of their bid with the
statutory interest and penalties and directed that the
deed to them by the auditor be cancelled and the title to
the lot vested in plaintiffs, and complaining of that judg-
ment defendants prosecute this appeal.

As heretofore stated, a number of omissions and ir-
regularities affecting the validity of the sale are alleged
in the petition, but we deem it necessary to refer to or
discuss only one of them, although there is evidence to
sustain some of the others.  This court, following the
universal rule upon the subject, has consistently held
that a prerequisite to the sale of property for the collec-
tion of taxes is a valid assessment of the property in the
name of the owner, and without it no lien for the taxes is
created nor can the property be sold for the payment of
the alleged taxes, and if such sale is attempted no title
to the property will pass.  The necessity for such prior
assessment lies at the very basis of all proceedings to
collect taxes and a compliance with the requirement is so
fundamental and universally applied that its substantia-
tion with cited authorities is unnecessary.

Plaintiff introduced the county court clerk of the
county and proved by him that the lot in question was not
assessed to Brooker, the then owner, for the year 1912,
either by him or by the assessor for the county, nor was
there any record of its being assessed by any other as-
sessing authority having the right to assess omitted
property at any time subsequent thereto, or before the
sale made by the sheriff on January 4, 1914, either in the
name of Booker or in the name of Brawner, who as we
have seen purchased it from him on November 2, 1912.
The only assessment against Booker for the year 1912
was a poll tax of $1.50; and in the absence of any assess-
ment of the lot involved the sale of it by the sheriff to
collect the alleged taxes due was and is void and vested
no sort of title in the Commonwealth or in Henry county,
and *a fortiori* rendered the attempted sale by the state
revenue agent likewise void, since such a sale is neces-
sarily rested upon a valid prior one by the sheriff of the
county after the expiration of the two years in which the
taxpayer may redeem.  Upon the ground stated there
was no alternative action for the trial court to take ex-
cept to render the judgment complained of, and upon that

ground alone it is our duty to affirm the judgment, although we are of the opinion that some of the other grounds relied on by plaintiff are well taken, but which for the reason stated are unnecessary to enumerate.

Wherefore, the judgment is affirmed.