## Turner v. Shepherd.

(Decided November 23, 1923.)

### Appeal from Jackson Circuit Court.

1. Taxation—Third Person Redeeming Lands Does Not Acquire Title.—Under Kentucky Statutes, 1915, section 4151-2, no one but the owner or some one authorized by him in writing can redeem land sold for taxes as therein provided, and if an attempted redemption is otherwise made by a stranger, he acquires no title or any right, except, perhaps, a lien for the enforcement of the amount he pays.

2. Taxation—Auditor's Deed Held to Create Prima Facie Presumption that All Prior Legal Requirements to Pass Title were Complied with.—Recitations in deed from auditor of public accounts that land was sold by sheriff of county for taxes, and was purchased by sheriff for county, there being no bidder, offering as much as the taxes, that it was sold subsequently by the revenue agent for the state at large after due advertisement for taxes, interest and penalties, and that defendant became purchaser at the sum due, all of which was duly reported at the proper office by the revenue agent, and the deed was made in accordance therewith, created a prima facie presumption that all prior legal requirements to pass the title by the sale were complied with.

3. Taxation—Receipt of Sheriff Held Not to Show Taxes Paid for Certain Year.—A sheriff's receipt, reciting that it was "for taxes for the year 1914," was not evidence that the taxes assessed against the land in 1914 were paid, the payment being made on the 20th

day of November of that year, where the property at the time was assessable as of September 15th, and assessor had until January 1st following in which to complete it, and the county board of supervisors met on the first Monday in January and performed its duties, after which the clerk certified to the sheriff the taxes to be collected.

C. P. MOORE and W. E. BEGLEY for appellant.

L. C. LITTLE for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing on original appeal and affirming on cross appeal.

Appellee and plaintiff below, Hardin Shepherd, filed this equity action in the Jackson circuit court against appellant and defendant below, Hiram Turner, seeking to quiet his alleged title to a tract of land in that county containing about 78 acres. The answer denied plaintiff's title and by counterclaim averred that defendant was the owner of the land and prayed for a judgment recovering it. Issues were made and after proof taken, the cause was submitted and the court dismissed both the petition and the counterclaim, and from the latter judgment defendant prosecutes this appeal, and on his motion plaintiff has been granted a cross appeal.

In support of plaintiff's title he testified that the land was owned by the heirs of Elijah Carter and that the sheriff of the county sold it for taxes on January 18, 1911, at the court house door in McKee, Kentucky, and that he became the purchaser at $4.34, the amount of the taxes and accumulated penalties and costs, and that on March 12, 1917, the successor of the sheriff who sold the land executed to plaintiff a deed which he filed with his deposition; but that deed recites that the sale was made on January 3, 1914, to enforce the payment of the state and county taxes due for the year 1913. Passing the question as to the regularity of that deed, it does not recite that the ex-sheriff advertised the sale as required by law, or that there was no personal property of the taxpayer from a sale of which the taxes could be collected, nor is it recited therein that the sheriff ever reported the sale to the proper office, but the report was introduced and it shows that one John Fowler, who was the highest and best bidder, became the purchaser for the amount of the taxes and cost ($4.34), and on July 16,

1914, that amount with accumulated interest and penalties ($5.45) was paid to him by plaintiff, as is shown by this endorsement on the report: "Received of Hardin Shepard (for Elijah Carter's heirs) the sum of $5.45 tax, interest and costs and penalty, payment in full on the within land sale, and the within sale is hereby released this 16 day of July, 1914. John Fowler. Attest: R. M. Ward, clerk." It will be observed that the endorsement did not even purport to transfer or assign Fowler's bid to plaintiff, even if it was competent for the purchaser, Fowler, to vest in plaintiff the benefits of his bid in that manner. It is not even claimed by plaintiff that he made the payment to Fowler at the request or solicitation of any of the owners of the land, and, so far as the record discloses, he was purely a volunteer in making that payment without the semblance of authority for doing so.

The case of Wilson v. Germania Fire Insurance Company, 140 Ky. 642, was one much stronger in favor of the one who paid the purchaser at the tax sale the amount of his bid with penalties and costs than are the facts of this case. There the daughter of the one from whom the tax was due paid to the purchaser, as she claimed with her father's consent, the taxes and penalties and took a transfer of the bid from him and afterwards obtained a deed from the sheriff. The court held that under the provisions of section 4152, Carroll's edition, 1899 and 1903, Kentucky Statutes, which was then in force, no one but the owner or some one authorized by him in writing could redeem the land sold for taxes as therein provided, and that if an attempted redemption was otherwise made by a stranger he would acquire no title thereby or any right, except, perhaps, a lien for the enforcement of the amount he paid. The statute in force at the time plaintiff made the payment to Fowler in the manner indicated was section 4151-2, 1915 edition of the statutes, and its provisions as to the right of redemption are substantially the same as those in the 1899 and 1903 editions on the same subject. In denying plaintiff's title in the Wilson case the court, after reciting the facts as above, said: "It is patent, therefore, that appellant did not acquire the title to the real estate in question by the deed she received from the sheriff of Bourbon county," and held that the title was still in the original owner, subject to her lien for the amount she paid. It is, therefore, manifest that

plaintiff failed to establish title to the land in controversy, and the court properly dismissed his petition.

In support of his counterclaim, defendant introduced a deed to the land from Robert L. Greene, auditor of public accounts, dated November 12, 1919, in which it is recited that the land was sold on the 15th day of February, 1915, by the sheriff of the county for the taxes and penalties due and in arrears, and that it was purchased by the sheriff for the county and Commonwealth, there being no bidder offering as much as the taxes, and that it was sold on the 20th day of October, 1919, by W. H. Gray, revenue agent for the state at large, after due advertisement for the taxes, interest and penalties, then due ($11.28), and that defendant became the purchaser at that sum, all of which was duly reported at the proper office by the revenue agent and the deed was made in accordance therewith. Under the opinions of this court in the cases of J. T. Moss Tye Co. v. Meyers, 116 S. W. (Ky.) 255; Alexander v. Aud, 121 Ky. 105, and Paul v. Goins, 198 Ky. 679, the recitations in the auditors' deed create a *prima facie* presumption that all prior legal requirements to pass the title by the sale were complied with, and under the doctrine of those cases defendant proved a *prima facie* title and was entitled to a judgment on his cross petition, unless the record discloses some fact or facts which would prevent it. The only fact attempted to be shown against the validity of the auditor's deed was plaintiff's testimony that he assessed and paid the taxes on the land for the year 1914, and that the sale by the sheriff on February 15, 1915, was for the purpose of collecting the taxes for the same year and that he having already paid them there was none due and the sale was void. If, however, we should concede that a sale after the taxes had been paid by a stranger would be void, it would not benefit plaintiff under the facts of this case, since it is shown that the taxes he paid, if indeed he made any such payment of taxes assessed against the land in controversy, were for the year 1913 and not for the year 1914. It is true the sheriff's receipt, which he exhibits, recites that it was "for taxes for the year 1914," but evidently it was meant by that expression to indicate the taxes that were collectible in that year, since the payment was made on the 20th of November of that year, and the taxes were evidently based on the assess-

ment for 1913. The property at that time was assessable as of September 15, and the assessor had until January 1, following, in which to complete it. Following that the county board of supervisors met on the first Monday in January and performed its duties, after which the clerk certified to the sheriff the taxes to be collected. Necessarily, therefore, the assessment as of September 15, 1914, was not in the hands of the sheriff for collection on November 30, the same year. It, therefore, follows that the court erred in dismissing the counterclaim of defendant and in not adjudging him entitled to the possession of the land in controversy as between him and plaintiff.

Wherefore, the judgment on the cross appeal is affirmed, but on the original appeal it is reversed for proceedings consistent with this opinion.