## Gasho et ux. v. Lowe et ux.

April 16, 1940.

Robert H. Coleman, Judge.

Marshall Funk for appellants.

Harlin & Harlin and J. Frank Denton for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Since the first paragraph of the memorandum opinion of the trial judge sets forth in concise form the subject of this dispute, we are quoting that paragraph herein:

"This is an action involving the title to a lot on Laurel Ave., near Fourteenth Street. On June 21, 1911, this lot was deeded by Frank L. White to

Theodore Seifried, which deed was duly recorded June 27, 1911, in the office of the Warren County Court Clerk. It appears that Dr. Seifried was a resident of Nashville, Tennessee, and listed this lot for state and county taxes and that he paid taxes to the City of Bowling Green on a vacant lot. However, in some manner it was indicated on his tax bills that the lot was on Magnolia at or near Fourteenth Street. It appears that the lot on Laurel was the only property that he ever owned in Bowling Green and in some manner the location of the lot was erroneously entered on his tax bills and that the lot on Laurel Ave. owned by Dr. Seifried in some manner prior to 1925 became listed to an 'unknown owner.' That it was sold by the City for taxes and purchased by the defendant, J. W. Gasho and that in 1927 the City made Mr. Gasho a deed for this lot. Thereafter, Mr. Gasho listed the property and paid taxes on it in his own name and Dr. Seifried continued to pay taxes on a lot in the city of Bowling Green which in fact amounted to a double assessment. In April, 1938, Dr. Seifried sold and conveyed the property to the plaintiff (Scott Lowe) in this lawsuit."

The trial judge held that the erroneous listing of the property and the sale thereof in the deed "were a nullity and such proceedings were void and that the defendant took no title thereby." From a judgment in favor of Scott Lowe and his wife, plaintiffs below, Gasho and his wife are appealing.

In urging reversal it is insisted (1) the tax deed was valid; (2) the action is barred by limitation; (3) as a matter of equity the appellees should suffer loss rather than the appellants; and (4) the appellees had no standing in court for the reason that the deed to them was champertous and void.

It is insisted that Gasho's tax deed is prima facie evidence of ownership and that the burden is on the one attacking the deed to plead and prove the specific defect in it prior to its execution and delivery. It is insisted also that the appellees' pleadings do not meet this requirement. With these contentions we can not agree. It was pleaded that Gasho was claiming the property "by reason of some sort of deed or conveyance covering

a lot situated somewhere on Laurel Avenue, said deed being executed by the tax collector of the city of Bowling Green by reason of a tax sale.'' It was pleaded further that Dr. Seifried kept all the taxes paid on the property; that the property was duly listed and all taxes paid; that the city had no right to sell the property under the circumstances; and, in fact, that the property had not been sold. Under the facts and circumstances at hand we are of the opinion that the pleas were sufficient and that the trial court correctly ruled that the deed and the proceedings concerning it were void. The prima facie presumption constituted by the tax deed was overcome. As said in the case of Paul v. Goins, 198 Ky. 679, 249 S. W. 1007, a prerequisite to the sale of property for the collection of taxes is a valid assessment of the property in the name of the owner and without it no lien for the taxes is created, nor can the property be sold for the payment of the alleged taxes, and if such sale is attempted no title to property will pass. Here there had been an error in listing Dr. Seifried's property as to its location. He had no other property in Bowling Green. We think the record shows clearly that he and those who hold under him should not be charged with this error.

Section 2512a of the Statutes is cited in support of the contention that the action is barred by limitation. The first part of this section provides that: ''When the owner of any real property shall fail to pay the State and County taxes due thereon for a period of five consecutive years, and said property has been sold for taxes, after the expiration of said period by the Sheriff or Auditor of Public Accounts and deeds executed to the purchaser at any such tax sale * * *'' no action shall be commenced to set aside such deed or to recover the property after five years from the time the deed is executed, delivered and lodged for record. Section 3420 of the Statutes provides that tax sales in cities of the third class are covered by the same statutes as apply to sheriff's sales. It is to be noted that the beginning of Section 2512a of the statutes is, ''When the owner of any real property shall fail to pay the * * * taxes due thereon for a period of five consecutive years * * *.'' Dr. Seifried paid his taxes from 1911 to 1938. It follows from what has been said heretofore that there is no basis for the argument as to limitation.

Nor can we agree with the appellants' contention that the equities are in favor of them as against the appellees. Lowe testified that he did not know of Gasho's tax deed until after he had purchased the property from Dr. Seifried, and there can be no question whatever that the equities are in favor of Lowe's predecessor as against Gasho, in view of what has been said heretofore.

The last question relates to whether the deed from Dr. Seifried to Lowe was champertous. Section 210 of the Statutes. Gasho had been claiming the property since he purchased it at the tax sale, and had been paying taxes thereon. He said that on complaint of persons in the neighborhood he had had a tree cut down on the lot, that he had planted a few fruit trees on it and had placed a "For Sale" sign on it. The question is: Did these circumstances constitute such adverse possession on the part of Gasho as to make the deed from Dr. Seifried to Lowe champertous? We think not. Gasho's claim to the property and the circumstances just discussed do not constitute such adverse possession as to make the deed to Lowe champertous. As pointed out in the case of Deupree v. Walker, 255 Ky. 30, 72 S. W. (2d) 732, the possession necessary to render a deed champertous must be actual and not constructive, and must be accompanied by all the elements necessary to ripen into title. Gasho's adverse possession would not have ripened into title.

Wherefore, for the reasons given herein, the judgment should be and it is affirmed.