## Rose v. Rose.

Oct. 19, 1943.

M. J. See for appellant.

Clyde L. Miller for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Appellee brought this action in the Lawrence circuit court against appellant, seeking cancellation of a sheriff's deed in so far as it purports to affect the title to certain land owned by appellee. The facts out of which the controversy arises are these:

Sam Rose, father of appellant and appellee, died intestate in 1911 the owner of a large tract of land in Lawrence county, Kentucky. His widow Josie Rose, who later married a Mr. Wheeler, continued to live in the residence and in possession of the farm. In January, 1918, an action was instituted in the Lawrence circuit court styled Mont Rose et al. v. Josie Rose Wheeler, for the purpose of partitioning the land among the heirs of Sam Rose, deceased, subject to the widow's dower. The land was partitioned and laid off to the heirs and commissioner's deeds made to them in October, 1921. There is a map in the record showing that the land was divided or allotted in ten separate tracts, numbered from 1 to 10, inclusive. Appellee, Mont Rose, having already received his share of his father's estate by way of advancements, none of the land was partitioned or allotted to him, but before the land was partitioned he purchased an undivided interest of his sister, Jessie Rose Thomas, and her share was conveyed to him, designated in the map as parcel No. 10. In 1924 and 1925 appellee bought the shares that had been allotted and conveyed to his brother Frank Rose and his sister Shirley Rose, designated in the map as parcels 4 and 5, respectively. These two tracts and the one he had previously purchased are contiguous and comprise a boundary of about 72½ acres. While the action for the partitioning of the land was pending, for some reason not explained in the record, the land was listed for taxation for the year 1919 in the name of Josie Rose Wheeler. The taxes were not paid and in February, 1920, the entire tract of land was advertised and sold by the sheriff of Lawrence county for the taxes for the year 1919 and C. M. Edwards purchased the land at the tax sale and transferred his bid

to D. B. Adams and, in July, 1921, Adams transferred it to appellant, Jay Rose. On June 5, 1926, the sheriff of Lawrence county executed a tax deed to Jay Rose for the entire tract of land owned by Sam Rose at the time of his death and the deed was lodged for record on the same day.

Plaintiff (appellee) set out in his petition the history and facts substantially as stated above and asserted that the assessment of the land for taxation in the year 1919 in the name of Josie Rose Wheeler and the sheriff's sale and deed pursuant thereto were void and cast a cloud upon his title and asked that the same be cancelled. Appellant filed a general demurrer to the petition which the court overruled with exceptions, but it is still insisted on in brief of appellant as a ground for reversal, contending that the petition failed to state a cause of action, since appellee did not allege that he was in possession of the land. Appellant then filed his answer by which he denied that the sheriff's deed of June 5, 1926, under which he claims title, is void and denied that he was unlawfully and without right casting a cloud upon plaintiff's title. But he asked affirmative relief, asserting that by virtue of the tax deed he was the owner of the entire Sam Rose tract of land referred to in the petition, and in possession of the same and had been for sometime before the execution of the sheriff's deed, executed in June, 1926, and pleaded title under the 15-year statute of limitation in addition to paper title under the tax deed. He further stated that the owners of the Sam Rose tract of land failed to pay the state and county taxes due thereon for five consecutive years and the property was sold for taxes by the sheriff after the expiration of that period and the deed was of record in 1930 when section 2512a, Carroll's Kentucky Statutes, was enacted, Acts 1930, c. 154, and further pleaded the 5-year statute of limitation provided in that section of the statute. He further pleaded estoppel and laches and prayed that the action be dismissed and for all proper relief to which he may be entitled.

The affirmative allegations of the answer were controverted by reply, thus completing the issues. The evidence was taken and the cause submitted to the chancellor and he entered judgment in favor of appellee adjudging him to be the owner of lots 4, 5 and 10, being the land described in the petition, and held void the sheriff's

deed under which appellant claims, and cancelled the same in so far as it purported to affect the title of the land claimed by appellee. Appellant excepted and prayed an appeal which was granted.

It is first insisted that the demurrer to the petition should have been sustained upon the ground that appellee did not allege that he was in possession of the land. It is the general rule that in an action to quiet title the plaintiff must allege that he is in possession of the land. If it be conceded that appellee should have pleaded actual possession and that the demurrer might have been well taken at the time it was filed, yet the answer and the nature of the issue joined renders it immaterial that appellee did not allege possession. It is the rule that when affirmative relief is asked by the defendant his answer will be treated as a counterclaim and the court will consider the entire evidence and pass upon the question of superiority of title, notwithstanding the plaintiff did not allege possession. In Strunks Lane & Jellico Mountain Coal & Coke Co. v. Anderson et al., 276 Ky. 576, 124 S. W. (2d) 779, 780, it is said: "The defendants contend plaintiffs cannot maintain this equitable action to quiet title since neither its pleadings nor its proof show plaintiff to be in possession of the land in controversy. While each of the defendants filed a pleading designated an answer, each of them in this pleading assert title to the land described therein, and each of the defendants pray the court for the relief to which he, or she, is entitled on final hearing. There can be no doubt but that each of the defendants was seeking affirmative relief, and such was granted by the chancellor on a final hearing when each defendant was adjudged to be the owner of the land in controversy between the plaintiff and that particular defendant. Therefore, the answer filed by each defendant was in reality an answer and counterclaim. In Bennett v. Parsons, 226 Ky. 782, 11 S. W. (2d) 935, this court held a very similar pleading to the ones filed in this case to be an answer and counterclaim, giving as its reason that where a defendant seeks affirmative relief he will have his answer taken as a counterclaim. The rule is laid down in Combs et al. v. Combs, 238 Ky. 362, 38 S. W. (2d) 243 and Osborn v. Osborn, 204 Ky. 144, 263 S. W. 738, that where defendants assert title to land by answer and counterclaim and seek affirmative relief the court will consider the entire

evidence and pass on the question of superiority of title. * * *''

Since appellant asserted ownership of the land and asked affirmative relief, under the authorities supra his answer must be treated as a counterclaim, thus bringing this case within the rule of the case supra.

We will next consider the question of the validity or invalidity of the sheriff's deed made pursuant to the sale of the land for taxes for the year 1919 when the land was listed in the name of Josie Rose Wheeler. It is a well known and established rule of law in this jurisdiction that upon the death of a person intestate, title to his real estate immediately vests in his heirs at law, who in this case were the children of Sam Rose. There is no contention that Josie Rose Wheeler, the widow, was the owner of the land, except her dower interest therein, when the land was listed for taxation in her name, or that she ever became the owner thereof. It has been held by this court since the rendition of the opinion in the case of Johnson v. McIntire in 1808, 1 Bibb 295, 4 Ky. 295, down to the latest opinions on the question, that where lands are assessed in the name of the wrong person no title passes by a tax sale. Other cases bearing on the question and of like import are Wheeler v. Bramel, 8 S. W. 199, 10 Ky. Law Rep. 301; Spalding et al. v. Thompson et al., 30 S. W. 20, 16 Ky. Law Rep. 836; Eastern Ky. Coal Lands Corp. v. Commonwealth, 127 Ky. 720, 106 S. W. 260, 32 Ky. Law Rep. 129; Hogue et al. v. Gibson, 162 Ky. 813, 173 S. W. 138; Smith et al. v. Young, 178 Ky. 376, 198 S. W. 1166; Sandlin v. Baker et al., 242 Ky. 645, 47 S. W. (2d) 55. In Paul et al. v. Goins et al., 198 Ky. 679, 249 S. W. 1007, 1008, it is said:

''* * * This court, following the universal rule upon the subject, has consistently held that a prerequisite to the sale of property for the collection of taxes is a valid assessment of the property in the name of the owner, and without it no lien for the taxes is created, nor can the property be sold for the payment of the alleged taxes, and if such sale is attempted no title to the property will pass. * * *''

These authorities are conclusive that the tax deed under which appellant claims was void and no title passed by virtue thereof. Nor do we think that appellant's plea of limitation can be sustained under section

2512a (Acts of 1930, c.154), Carroll's Kentucky Statutes. That Act provides, in substance, that when the owner of any real estate fails to pay the state and county taxes due thereon for a period of "five consecutive years" and the property has been sold for such taxes after the expiration of such period, no action shall be commenced to set aside such deed or recover the taxes after five years from the time the deed is executed, delivered and lodged for record. Appellant alleged in his answer that the owners of the land failed to pay the taxes thereon for five years, but there is no claim that the land was sold for taxes not paid for five consecutive years, but that it was sold for taxes assessed against it for the year 1919 only. Furthermore, his claim under the statute supra must fail for the same reason that the tax deed was invalid, since the land was not listed for taxes in the name of the owner. In Gasho et ux. v. Lowe et ux., 282 Ky. 518, 139 S. W. (2d) 437, wherein a like question was involved under section 2512a, it was held that a prerequisite to the sale of property for the collection of taxes is a valid assessment of the property in the name of the owner, and without such assessment no lien for taxes is created. That opinion also refers with approval to the case of Paul v. Goins, supra.

With respect to appellant's plea of adverse possession under the 15-year statute of limitation, but little need be said. He claims that the statute began to run when he obtained his tax deed, which was executed June 5, 1926, and he has held the land adversely since that date. However, this action was filed on April 9, 1941, which was less than fifteen years after the execution of the tax deed.

Appellant's plea of estoppel is more or less vague and uncertain. He says in his brief that appellee had resided in Lawrence county, Kentucky, most of his life and served one term as county tax commissioner, while appellant was and had been for many years a resident of the state of Kansas and for that reason appellee knew more about "tax conditions and tax laws" of this state than the appellant and stood by and permitted appellant to pay the taxes on the whole tract of land for these many years and had never offered to reimburse him for the taxes he paid on that part of the land claimed by appellee. Appellee testified that he paid his proportionate share of the taxes ever since he obtained deeds

to the three shares he now owns, but he finally learned that appellant had been paying taxes on the whole tract and then he had his share of the land separated on the tax list in order to relieve appellant of paying on the whole tract. There is no evidence tending to show that appellee knew that appellant was paying on the whole tract previous to the time he, appellee, says he had the separation made on the assessor's books. Appellant further insists that appellee assisted him in securing his tax deeds. But the evidence is not sufficient to show that appellee said or did anything to lead appellant to believe that he was purchasing the whole tract of land under the sheriff's sale and deed. Appellee's deeds to his three shares of the land were recorded before appellant received his tax deed. In the circumstances it is fair to presume that appellant knew of appellee's deeds to his three shares and that appellee was merely assisting appellant in securing deeds to the rest of the tract, if he did so assist him. In the absence of strongly convincing evidence it would be unreasonable to believe that appellee intended to assist appellant in securing a deed covering the whole tract and thereby encumber his, appellee's land. We do not think the evidence sufficient to sustain appellant's plea of estoppel.

Lastly, appellant insists that appellee was guilty of laches and for that reason he should not be permitted to maintain this action. This plea is also vague and indefinite. It is argued that appellee waited more than ten years after he received his deeds to his three shares of the land before he brought this action, and for that reason appellant was deprived of the opportunity to show that the partition of the land and deeds made in pursuance thereto in 1921, were invalid on the grounds of fraud. He does not state, however, that the partition proceedings or the deeds made in pursuance thereto were invalid or that he would have attacked them, but merely suggests the possibility of having been deprived of that right, if such right existed, by reason of appellant's delay in bringing the action. We find no merit in this plea.

Judgment affirmed.