## WALTERS v. WATSON et al.

Court of Appeals of Kentucky.
March 21, 1952.

Leebern Allen, Campton, for appellant.

J. Douglas Graham, Campton, for appellees.

SIMS, Justice.

Appellant, W. T. Walters, sued Andy Watson on August 1, 1946, to recover $491.-97, the amount of a purchase money note which the petition avers Watson executed to Walters on April 18, 1932, due twelve months after date, and secured by a lien on a tract of land described in the petition and located in Wolfe County. The petition made the heirs of Reece T. Lindon parties defendant and asked that they be required to answer and set up any claim they had to the land. The answers made an issue of whether Watson signed the note and whether the note had been negotiated and placed on a footing of a bill of exchange and was barred by the five year statute, KRS 413.120(8), and whether the Lindons were the owners of the land

by adverse possession for fifteen years. There were other issues raised by the pleadings but it is not necessary to discuss or mention them.

In a concise and well-reasoned opinion the chancellor found that Watson never signed the note and that same was placed on the footing of a bill of exchange and was barred by the five year statute. He further found that Reece T. Lindon took possession of the land in 1930 and he and his heirs had been in the peaceable, continuous, notorious and adverse possession thereof since that date and were the owners of the land under the fifteen year statute of limitation, KRS 413.010.

The evidence is in direct conflict as to whether Watson executed the note. Only two witnesses testified on this point, Walters and Watson. The testimony of Watson is that Walters would not make him a deed to the land, he abandoned it and never signed the note. Walters testified he made Watson a deed and the latter executed the note. Walters produced a paper which he said was a carbon copy of the deed which he had prepared and delivered to Watson; he also produced what he claimed was the note. However, neither of these papers appear in the record in their original form and we feel constrained to follow the chancellor's finding of fact on the conflicting testimony.

■ If the chancellor be mistaken in finding that Watson did not sign the note, he surely is not mistaken in finding it was negotiated by Walters, therefore placed on a footing of a bill of exchange and barred by the five year statute, KRS 413.120(8). Walters admitted he negotiated the note.

■ The proof is clear that Reece T. Lindon took possession of this land in 1930 when it was sold for taxes and held it adversely until he died intestate in 1939, and since that date his heirs have been in the adverse possession thereof. Appellant argues that as the tax deed was not made to Lindon until January 17, 1933, the fifteen years did not begin to run until that date and had not expired when this action was filed on August 1, 1946. But he loses sight of the fact the evidence shows Lindon pur-

chased the property at a tax sale in 1930, immediately took possession of the land and claimed title thereto. He did not wait until he received a deed from the sheriff in 1933 before taking possession and asserting title.

Appellant relies upon a case he refers to as Hill v. Hill, 296 Ky. 18, 176 S.W.2d 122, while appellees contend the facts there distinguish it from the instant case. By turning to the book and page cited, we find the case to which both appellant and appellees refer is Rose v. Rose, 296 Ky. 18, 176 S.W.2d 122. A reading of the case shows the facts distinguish it from the instant one.

The judgment is affirmed.