Betty TURNER, Appellant,

v.

**PERRY COUNTY COAL CORPORATION; Homer Young, Appellees.**

No. 2006–CA–001019–MR.

Court of Appeals of Kentucky.

April 6, 2007.

Discretionary Review Denied by Supreme Court Feb. 13, 2008.

James E. Keller, Huston B. Combs, Lexington, KY, for appellant.

James A. Combs, Prestonsburg, KY, for appellee Perry County Coal Corporaton.

Eric E. Ashley, Hazard, KY, for appellee Homer Young.

Before LAMBERT and STUMBO, Judges; BUCKINGHAM,[1] Senior Judge.

## OPINION

BUCKINGHAM, Senior Judge (Assigned).

Betty Turner appeals from an order of the Perry Circuit Court granting Perry County Coal Corporation and Homer Young summary judgment on the issue of whether Turner has an ownership claim to real property located in Perry County, Kentucky. For the reasons stated below, we affirm.

Turner was born out of wedlock on May 22, 1932, to Susie Coots. Her father was John B. "Buck" Combs. Combs and Coots never married, though Combs supported Turner as a child. In May 1948 Combs acquired property located on Curley Fork of Browns Fork of Big Creek in Perry County. He continued to own the proper-ty until his death on December 29, 1962. Combs died intestate and left no direct descendents other than Turner.

On February 16, 1967, Malvia Combs Young, Buck Combs's second cousin, executed and recorded an affidavit of descent for Combs. The affidavit identified various second and third cousins as intestate successors to the real property of Buck Combs, including the subject property. Thereafter, until 2004, there were no transfers or other proceedings involving the property.

In late 2004, Perry County Coal, relying on the 1967 affidavit of descent, purchased several undivided interests in the property. Having obtained such interests, on August 23, 2005, the coal company filed an action in Perry Circuit Court to partition the property. Among the defendants named were Turner, whom the complaint identified as "may be claiming an interest in the property", and appellee Homer Young.

Turner filed an answer and counterclaim contending that she was the sole heir-at-law of Buck Combs and, accordingly, was the owner of the property. Replies to Turner's counterclaim by the coal company and Young denied Turner's assertion of title.[2]

The parties subsequently filed motions for summary judgment on the issues of whether Turner is the child of Buck Combs and whether Turner has an interest in the property by virtue of Kentucky's laws of intestate succession. On May 1, 2006, the circuit court entered an order determining that Turner was the child of Buck Combs,[3] but that Turner had no claim to the property under the applicable

---

1. Senior Judge David C. Buckingham sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. In his answer and counterclaim to the original complaint, Young asserted sole ownership to the property by adverse possession.

3. This issue is not now disputed.

laws of intestate succession. Turner thereafter appealed from the portion of the order that denied her claim to the property.

Summary judgment is proper where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Kentucky Rule of Civil Procedure (CR) 56.03; *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky.1991). Questions of law are reviewed de novo on appeal. *Gosney v. Glenn*, 163 S.W.3d 894, 898 (Ky.App. 2005). The relevant facts in this case are not in dispute, and the only issue before us is whether Turner has a claim to the subject property under the relevant Kentucky laws of intestate succession.

■ At the time of Buck Combs's death in 1962, Kentucky Revised Statute (KRS) 391.090(2) was in effect. It stated, in relevant part, that "[a] bastard shall inherit only from his mother and his mother's kindred." Because of this provision in Kentucky intestate succession laws, Buck Combs's property did not pass to Turner as it would today.

In *Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), the U.S. Supreme Court held that statutes, such as KRS 391.090(2), discriminating against illegitimate children were unconstitutional under the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution. In accordance with *Trimble,* in *Pendleton v. Pendleton*, 560 S.W.2d 538 (Ky.1977)(*Pendleton II* ), the Kentucky Supreme Court struck down KRS 391.090(2). In so doing, however, the court stated:

Insofar as it declares the invalidity of KRS 391.090 this opinion shall have no retroactive effect upon the devolution of any title occurring before April 26, 1977 (the date of the Trimble opinion), except for those specific instances in which the dispositive constitutional issue raised in

this case was then in the process of litigation.

560 S.W.2d at 539.

■ "It is a well known and established rule of law in this jurisdiction that upon the death of a person intestate, title to his real estate immediately vests in his heirs at law[.]" *Rose v. Rose*, 296 Ky. 18, 22, 176 S.W.2d 122, 124 (1943). Thus, upon Buck Combs's death on December 29, 1962, the subject property passed to his heirs-at-law under the then-existing laws of intestate succession. Those heirs were identified in the May 1967 affidavit of descent filed by Malvia Combs Young. Because *Pendleton II* had "no retroactive effect upon the devolution of any title occurring before April 26, 1977," its striking down of KRS 391.090(2) did not, and may not now, have an effect upon the title to the subject property.

Turner argues that, contrary to the aforementioned language in the *Pendleton II* case, the *Trimble* case applies retroactively. In support of this argument, she relies on *Reed v. Campbell*, 476 U.S. 852, 106 S.Ct. 2234, 90 L.Ed.2d 858 (1986). In that case, the illegitimate child's father died intestate in 1976, and an administratrix of his estate was appointed shortly thereafter. The *Trimble* case was decided by the U.S. Supreme Court in 1977, four months after the decedent's death. The Texas statute in effect at the time of the death prohibited an illegitimate child from inheriting from his or her father unless the parents had subsequently married. In February 1978, the illegitimate child notified the administratrix and the probate court of her claim. A formal civil action was filed shortly thereafter.

After finding that the claimant was the child of the decedent, the Texas courts rejected the claim on the grounds that *Trimble* did not apply retroactively. The U.S. Supreme Court reversed the Texas courts and held that *Trimble* applied retro-

actively to the facts of the case. 476 U.S. at 857, 106 S.Ct. 2234. However, the Court recognized that:

[t]he state interest in the orderly disposition of decedents' estates may justify the imposition of special requirements upon an illegitimate child who asserts a right to inherit from her father, and, of course, it justifies the enforcement of generally applicable limitations on the time and the manner in which claims may be asserted. After an estate has been finally distributed, the interest in finality may provide an additional, valid justification for barring the belated assertion of claims, even though they may be meritorious and even though mistakes of law or fact may have occurred during the probate process.

*Id.* at 855–56, 106 S.Ct. 2234.

The facts in this case are distinguishable from those in *Reed.* In *Reed,* the illegitimate child's claim was made while the estate remained open in the probate court. Here, the decedent had been dead for over 40 years.[4] In accordance with the aforementioned language in *Reed,* we conclude that the state's interest in finality provides justification for barring Turner's claim. In short, the rule stated by our supreme court in *Pendleton II* was not changed by the U.S. Supreme Court in *Reed. See Pendleton v. Centre College of Kentucky,* 818 S.W.2d 616, 619 (Ky.App.1990)(*Pendleton III* ). Thus, the circuit court properly awarded summary judgment against Turner.

The judgment of the Perry Circuit Court is affirmed.

ALL CONCUR.

---

**4.** There was never any settlement of the estate of Buck Combs.